## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

GREEN OCEANS, et al.,

           *Plaintiffs*,

    v.

UNITED STATES DEPARTMENT OF THE
INTERIOR, et al.,

           *Defendants*.

Case No. 1:24-cv-00141-RCL

Hon. Royce C. Lamberth

Oral Hearing Requested

**Plaintiffs' Memorandum of Points and Authorities in Opposition
to Motion to Intervene as Defendants and to Defer Filing of Answer**

Roger J Marzulla
Nancie G. Marzulla
Marzulla Law, LLC
1150 Connecticut Ave., NW
Suite 1050
Washington, D.C. 20036
(202) 822-6760
roger@marzulla.com
nancie@marzulla.com
D.C. Bar No. 394907
D.C. Bar No. 400985

Counsel for Plaintiffs

Dated: February 20, 2024

## Table of Contents

Table of Authorities.................................................................................................................iii

Procedural Background............................................................................................................ 1

Standard of Review................................................................................................................. 2

Argument ............................................................................................................................... 3

    1.   Contrary to the Requirements of Federal Rule of Civil Procedure 24(c) and Local Rule 7(j), Proposed Intervenors Intentionally Failed to File Their Proposed Answer to Complaint .. 3

    2.   Proposed Intervenors Fail to Show That Their Interests Are Not Adequately Represented by the United States in This Lawsuit ................................................................................... 4

    3.   Proposed Intervenors' Failure to Disclose Any Claim or Defense Defeats Their Motion for Permissive Intervention........................................................................................................ 7

    4.   Granting the Motion to Intervene Will Unreasonably Complicate and Delay Resolution of This Case ............................................................................................................................. 8

    5.   Proposed Intervenors Make Several Irrelevant Arguments ............................................. 10

    6.   If Intervention Is Nevertheless Allowed, the Court Should Limit Proposed Intervenors' Participation ....................................................................................................................... 12

Conclusion ........................................................................................................................... 13

## Table of Authorities

**CASES**

*Brady Campaign to Prevent Gun Violence v. Salazar,*
612 F. Supp. 2d 1 (D.D.C. 2009) ................................................................................. 13

*Brody By & Through Sugzdinis v. Spang,*
957 F.2d 1108 (3d Cir. 1992) ....................................................................................... 5

*Butler, Fitzgerald & Potter v. Sequa Corp.,*
250 F.3d 171, 181 (2d Cir. 2001) ................................................................................. 7

*Carmine v. Poffenbarger,*
154 F. Supp. 3d 309 (E.D. Va. 2015) .......................................................................... 10

*Crossroads Grassroots Pol'y Strategies v. Fed. Election Comm'n,*
788 F.3d 312 (D.C. Cir. 2015) ..................................................................................... 2

*Cnty. of San Miguel, Colorado. v. MacDonald,*
244 F.R.D. 36 (D.D.C. 2007) ...................................................................................... 12

*Deutsche Bank Nat. Tr. Co. v. F.D.I.C.,*
717 F.3d 189 (D.C. Cir. 2013) ..................................................................................... 6

*Dimond v. D.C.,*
792 F.2d 179 (D.C. Cir. 1986) ..................................................................................... 5

*Earthworks v. U.S. Dep't of Interior,*
2010 WL 3063143 (D.D.C. Aug. 3, 2010) ............................................................. 12, 13

*Env't Integrity Project v. Wheeler,*
2021 WL 6844257 (D.D.C. Jan. 27, 2021) ................................................................. 4

*Forest Cnty. Potawatomi Cmty. v. U.S.,*
317 F.R.D. 6 (D.D.C. 2016) ................................................................................... 12, 13

*Fund For Animals, Inc. v. Norton,*
322 F.3d 728 (D.C. Cir. 2003) ..................................................................................... 2

*Hobson v. Hansen,*
44 F.R.D. 18 (D.D.C. 1968) ......................................................................................... 8

*Jones v. Prince George's Cnty., Maryland,*
348 F.3d 1014 (D.C. Cir. 2003) .............................................................................. 2, 6, 7

*Mahoney v. U.S. Dep't of the Interior,*
2023 WL 4564912 (E.D.N.Y. July 17, 2023) ............................................................. 11

*MGM Glob. Resorts Dev., LLC v. United States Dep't of the Interior,*
2020 WL 5545496 (D.D.C. Sept. 16, 2020) ................................................................ 4

*Miami Cnty. Nat'l Bank of Paola v. Bancroft,*
121 F.2d 921 (10th Cir. 1941) .................................................................................. 4, 8

*Natural Resources Defense Council v. Costle,*
561 F.2d 904 (D.C. Cir. 1977) ..................................................................................... 5

*Roane v. Leonhart,*
741 F.3d 147 (D.C. Cir. 2014) ..................................................................................... 10

*Schoenborn v. Washington Metro. Area Transit Auth.,*
247 F.R.D. 5 (D.D.C. 2007) ......................................................................................... 5

*Smoke v. Norton,*
252 F.3d 468 (D.C. Cir. 2001) ..................................................................................... 9

*United States v. Am. Tel. & Tel. Co.*,
    642 F.2d 1285 (D.C. Cir. 1980) ................................................................. 5, 6
*United States v. City & Cnty. of Honolulu*,
    2007 WL 4800670 (D. Haw. Nov. 21, 2007) ............................................. 12
*Waterkeeper All., Inc. v. Wheeler*,
    330 F.R.D. 1 (D.D.C. 2018) ...................................................................... 13

**STATUTES**

5 U.S.C. § 500 (2006) ....................................................................................... 7
5 U.S.C. § 706(2) .............................................................................................. 7

**RULES**

D.C. Cir. Rule 7(j) ......................................................................................... 1, 3
Fed. R. Civ. P. 24 ................................................................. 1, 2, 3, 8, 9, 12

**OTHER AUTHORITIES**

7 Wright & Miller, *Federal Practice and Procedure* § 1689 (3d ed. 2004) ................................. 10
7C Wright & Miller, *Federal Practice and Procedure* § 1909 (2d ed. 1986) ........................... 5, 6

The Motion to Intervene filed by the Proposed Intervenors, South Fork Wind, LLC and Revolution Wind, LLC,[1] fails to comply with the procedural requirements for intervention prescribed by Federal Rule of Civil Procedure 24(c) and Local Civil Rule 7(j), which require that this motion "be accompanied by a pleading that sets out the claim or defense for which intervention is sought."[2] The Proposed Intervenors also fail to comply with the substantive requirements to show why the United States will not adequately represent their interests in the permits and authorizations for these two offshore wind projects.[3] The Proposed Intervenors also make several factual assertions about proceedings in other litigation that are both inaccurate and, more importantly, irrelevant to the determination of this motion, confirming that their involvement as a party defendant in this lawsuit will only serve to unnecessarily complicate the resolution of the actual issues in the case, and waste the court's and the parties' limited resources in responding to extraneous issues. For these reasons, Plaintiffs, Green Oceans, et al. (collectively, Green Oceans), ask that Proposed Intervenors' motion to intervene be denied.

If the Court nevertheless does decide to grant this motion to intervene, Green Oceans asks that the Proposed Intervenors be required to coordinate their briefing and oral argument with counsel for the United States to avoid duplicative and unnecessary briefing and argument.

**Procedural Background**

On January 16, 2024, Green Oceans filed their Complaint to Reverse and Set Aside Final Agency Action by which several federal agencies authorized the construction and operation of the South Fork Wind and Revolution Wind offshore wind projects close to the Rhode Island

---

[1] *See* Proposed Intervenors Mot. to Intervene as Defendants and to Defer Filing of Answer (Feb. 6, 2024), ECF No. 7.
[2] Fed. R. Civ. P. 24(c); *see also* Local Civ. R. 7(j) (intervention motion "shall be accompanied by an original of the pleading setting forth the claim or defense for which intervention is sought").
[3] *See* Fed. R. Civ. P. 24(a)(2) (requiring a court to allow intervention "unless existing parties adequately represent [the] interest[s]" of the party seeking intervention).

shoreline.[4] On February 6, 2024, the Proposed Intervenors filed their Motion to Intervene and Defer Filing of Answer.[5] Proposed Intervenors' motion included a Memorandum in support and two affidavits, but was not accompanied by a pleading that "set[] out the claim or defense for which intervention [wa]s sought."[6] The United States and other federal Defendants have been served but have not yet appeared, contacted counsel for Green Oceans, or filed a responsive pleading.

**Standard of Review**

Federal Rule of Civil Procedure 24(a) governs requests to intervene as of right. Rule 24(a) provides:

> On timely motion, the court must permit anyone to intervene who:
> (1) is given an unconditional right to intervene by a federal statute; or
> (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.[7]

To intervene as of right, a prospective intervenor must demonstrate "1) timeliness of the application to intervene; 2) a legally protected interest; 3) that the action, as a practical matter, impairs or impedes that interest; and 4) that no party to the action can adequately represent the potential intervenor's interest."[8] In this Circuit, an applicant seeking to intervene as of right under Rule 24(a) must possess Article III standing to participate in the lawsuit.[9]

Rule 24(b), permissive intervention, provides:

---

[4] Complaint, ECF No. 1.
[5] Proposed Intervenors Mot. to Intervene as Defendants and to Defer Filing of Answer (Feb. 6, 2024), ECF No. 7.
[6] *See* Fed. R. Civ. P. 24(c).
[7] Fed. R. Civ. P. 24(a).
[8] *Crossroads Grassroots Pol'y Strategies v. Fed. Election Comm'n*, 788 F.3d 312, 320 (D.C. Cir. 2015).
[9] *See Jones v. Prince George's Cnty., Maryland*, 348 F.3d 1014, 1016 (D.C. Cir. 2003); *see also Fund For Animals, Inc. v. Norton*, 322 F.3d 728, 731–32 (D.C. Cir. 2003).

On timely motion, the court may permit anyone to intervene who:
(A) is given a conditional right to intervene by a federal statute; or
(B) has a claim or defense that shares with the main action a common question of law or fact.[10]

Rule 24(c), applicable to both permissive and by-right intervention motions, provides that any motion to intervene "must state the grounds for intervention and be accompanied by a pleading that sets out the claim or defense for which intervention is sought."[11]

**Argument**

1.    **Contrary to the Requirements of Federal Rule of Civil Procedure 24(c) and Local Rule 7(j), Proposed Intervenors Failed to File Their Proposed Answer to Complaint**

The Proposed Intervenors failed to accompany their Motion to Intervene with a Proposed Answer to Complaint. But Federal Rule of Civil Procedure 24(c), titled "Notice and Pleading Required," requires that "[a] motion to intervene . . . must be accompanied by a pleading that sets out the claim or defense for which intervention is sought."[12] This Court's Local Rule 7(j) also requires that "[a] motion to intervene as a party pursuant to Fed. R. Civ. P. 24(c), . . . shall be accompanied by an original of the pleading setting forth the claim or defense for which intervention is sought."[13] Proposed Intervenors offer no reason, excuse, or legal support for their "request that the Court permit them to file their Answer or other responsive pleading" after intervention.[14]

Failure to file a proposed pleading has been held fatal because the purpose of the rule "is to enable the court to determine whether the applicant has the right to intervene, and, if not,

---

[10] Fed. R. Civ. P. 24.
[11] Fed. R. Civ. P. 24.
[12] Fed. R. Civ. P. 24(c).
[13] Local Civ. R. 7(j).
[14] *See* Proposed Intervenors Mot. to Intervene as Defendants and to Defer Filing of Answer (Feb. 6, 2024), ECF No. 7 at 1.

whether permissive intervention should be granted."[15] Without a responsive pleading, the Court

has no way of knowing what allegations of the Complaint are admitted and which are disputed,

whether the Court's jurisdiction is acknowledged or challenged, and what relief (if any)

Proposed Intervenors will seek—and whether they have Article III standing to seek that relief.[16]

Further, the Court relies on information provided in an Answer to determine whether the

Government is likely to adequately represent Proposed Intervenors' interests in this litigation—a

determination the Court must make as part of its ruling on their intervention motion. The

required Answer would show whether Proposed Intervenors' position in this litigation differs

from that of the Government—or is exactly the same—information that, in turn, will allow the

Court to judge their motion in accordance with Rule 24.

In short, there is a good reason why the Rules require a proposed intervenor to file a

proposed answer with their Motion to Intervene. Because the Proposed Intervenors' motion fails

to include this essential filing, their motion does not comply with Rule 24(c) and Local Rule

7(j)—and should therefore be denied.

2.      **Proposed Intervenors Fail to Show That Their Interests Are Not Adequately
        Represented by the United States in This Lawsuit**

Proposed Intervenors' Motion to Intervene fails to show why the United States Justice

Department and agency counsel will not adequately defend the federal agencies' approvals and

---

[15] *MGM Glob. Resorts Dev., LLC v. United States Dep't of the Interior*, No. CV 19-2377 (RC), 2020 WL 5545496, at *6 (D.D.C. Sept. 16, 2020) (quoting *Miami Cnty. Nat'l Bank of Paola v. Bancroft*, 121 F.2d 921, 926 (10th Cir. 1941)).

[16] *See Env't Integrity Project v. Wheeler*, No. 20-CV-1734 (KBJ), 2021 WL 6844257, at *2 (D.D.C. Jan. 27, 2021) (prospective intervenor who seeks additional relief must establish Article III standing to intervene as of right).

permits challenged in this case. Without this showing, Proposed Intervenors fail to satisfy the requirement of Rule 24 that the existing parties do not adequately represent their interests.[17]

There is no question—and no suggestion by the Proposed Intervenors—that these claims will not be ably defended by attorneys from the Justice Department's Environment and Natural Resources Division. Proposed Intervenors do not identify a single issue on which their position differs from that of the Government, conflict of interest, or any other reason the Justice Department will not zealously and competently defend the actions of these federal agencies. The companies offer no support for their assertion that the Justice Department lawyers assigned to this case may not adequately defend Proposed Intervenors' protectable interests in the challenged permits and approvals. The D.C. Circuit has explained that "[t]he original burden of showing inadequate representation rests on the applicant for intervention."[18] Here, Proposed Intervenors have failed to carry that burden.

The presumption is that where, as here, "a party is charged by law to protect the interest of a nonparty, that 'representation will be presumed adequate unless special circumstances are shown[.]'"[19] Proposed Intervenors themselves underscore the national policy importance of these Projects to the United States,[20] and cite no special circumstances to rebut the presumption that the Government will adequately defend its own agencies' actions.

---

[17] *See United States v. Am. Tel. & Tel. Co.*, 642 F.2d 1285, 1293 (D.C. Cir. 1980) ([I]intervention as of right will not be granted if the applicant's interest is 'adequately represented by existing parties.'"); *see also Brody By & Through Sugzdinis v. Spang*, 957 F.2d 1108, 1123 (3d Cir. 1992) ("A government entity charged by law with representing a national policy is presumed adequate for the task.").

[18] *Dimond v. D.C.*, 792 F.2d 179, 192 (D.C. Cir. 1986) (citing *Natural Resources Defense Council v. Costle,* 561 F.2d 904, 911 (D.C. Cir. 1977)).

[19] *Schoenborn v. Washington Metro. Area Transit Auth.*, 247 F.R.D. 5, 9 (D.D.C. 2007) (quoting 7C Wright & Miller, *Federal Practice and Procedure* § 1909, at 344 (2d ed. 1986)).

[20] Proposed Intervenors Mem. Of Points and Auth. in Supp. of Mot. to Intervene (Feb. 6, 2024), ECF No. 7-1 at 6-7 ("The federal government has set a goal of 30 gigawatts ("GW") of offshore

Proposed Intervenors did not identify any interest distinct from the Government's interest in protecting the relevant permits and project approvals. Proposed Intervenors merely assert that "Federal Defendants may not be able or motivated to raise the same defenses as South Fork Wind or Revolution Wind[,]" without specifying what sort of defense the Government would "not be able or motivated to raise,"[21] despite the identical interest of Proposed Intervenors and the Government in protecting the project approvals. But as the Supreme Court has explained, "[a]dequacy of representation must be assessed in relation to the specific purpose that intervention will serve."[22]

Proposed Intervenors' vague and unsupported assertion that "Federal Defendants may not be able or motivated to raise the same defenses"[23] fails to identify any specific purpose for which the Federal Defendants' representation will be inadequate. Rather, it is the sort of "hopelessly conjectural"[24] assertion that the D.C. Circuit has declined to give weight. "'A mere difference of opinion concerning the tactics with which litigation should be handled does not make inadequate the representation of those whose interests are identical with that of an existing party or who are formally represented in the lawsuit.'"[25] As the D.C. Circuit explained in *Jones v. Prince*

---

wind by 2030. The South Fork Wind Project contributes to both the federal government's and New York State's carbon reduction goals. . . . The Revolution Wind Project will also contribute to the federal government's . . . Connecticut's carbon reduction goals.").

[21] Proposed Intervenors Mem. Of Points and Auth. in Supp. of Mot. to Intervene (Feb. 6, 2024), ECF No. 7-1 at 27.

[22] *United States v. Am. Tel. & Tel. Co.*, 642 F.2d 1285, 1293 (D.C. Cir. 1980).

[23] Proposed Intervenors Mem. Of Points and Auth. in Supp. of Mot. to Intervene (Feb. 6, 2024), ECF No. 7-1 at 27.

[24] *Deutsche Bank Nat. Tr. Co. v. F.D.I.C.*, 717 F.3d 189, 193 (D.C. Cir. 2013) (opining that the "prospect that the FDIC would enter into what [intervenors] regard as an unfavorable settlement" was "hopelessly conjectural").

[25] *Jones v. Prince George's Cnty., Maryland*, 348 F.3d 1014, 1020 (D.C. Cir. 2003) (quoting 7C FED. PRAC. & PROC. § 1909).

*George's County, Maryland*,[26] "'[i]f disagreement with an existing party over trial strategy qualified as inadequate representation, the requirement of Rule 24 would have no meaning.'"[27]

This suit challenges only the actions of federal agencies, and the Complaint only names the United States and the relevant federal agencies and agency heads sued in their official capacities.[28] The suit is brought under the federal Administrative Procedure Act,[29] which authorizes judicial review of final agency actions in federal district court. The APA empowers the Court to "hold unlawful and set aside"[30] agency action that is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law."[31] This suit names no non-federal party, nor does it allege any improper action by Revolution Wind, LLC, South Fork Wind, LLC, or any other non-federal party.

Because Proposed Intervenors identify no way in which their interests in defending the federal Government approvals and permits in this case will not be adequately represented by Justice Department counsel, Proposed Intervenors' Motion to Intervene should be denied.

**3.    Proposed Intervenors' Failure to Disclose Any Claim or Defense Defeats Their Motion for Permissive Intervention**

Fed. R. Civ. P. 24(b) authorizes the Court to exercise its discretion to allow intervention only if the movant "has a claim or defense that shares with the main action a common question

---

[26] *Jones v. Prince George's Cnty., Maryland*, 348 F.3d 1014 (D.C. Cir. 2003).
[27] *Id.* at 1020 (quoting *Butler, Fitzgerald & Potter v. Sequa Corp.,* 250 F.3d 171, 181 (2d Cir. 2001)).
[28] *See* Complaint (Jan. 16, 2024), ECF No. 1 (listing United States of America, the Department of the Interior, Deb Haaland, the Bureau of Ocean Energy Management, Liz Klein, National Marine Fisheries Service, Janet Coit, the United States Army Corps of Engineers, and Lt. Gen. Scott Spellman as defendants).
[29] Administrative Procedure Act, 5 U.S.C. § 500 (2006).
[30] Judicial Review, 5 U.S.C. § 706(2).
[31] Judicial Review, 5 U.S.C. § 706(2)(A).

of law or fact."[32] To identify the required common claim or defense, Rule 24(c) mandates that the motion to intervene must "be accompanied by a pleading that sets out the claim or defense for which intervention is sought."[33] By intentionally failing to provide a responsive pleading containing their claims or defenses, Proposed Intervenors fail to identify what—if any—claims or defenses they intend to assert, let alone whether they share those undisclosed claims or defenses in common with Federal Defendants. And nowhere else in their Motion to Intervene do Proposed Intervenors state what claims or defenses they think they share in common with Federal Defendants. "Rule 24(c) requires that the motion requesting intervention 'shall state the grounds therefor and shall be accompanied by a pleading setting forth the claim or defense for which intervention is sought.'"[34] Where potential intervenors fail to file a separate pleading with their intervention request, that failure "has been held fatally defective."[35]

Because Proposed Intervenors have failed to comply with Rule 24(b) and (c)—and particularly combined with their failure to show that they will not be adequately represented by the United States in this action—their Motion to Intervene is inadequate and should be denied.

**4.    Granting the Motion to Intervene Will Unreasonably Complicate and Delay Resolution of This Case**

Proposed Intervenors state that "[i]ntervention will not cause delay, and no party will be in any way prejudiced by the requested intervention."[36] But in the next breath they admit that "[i]f granted intervention in the instant case, South Fork Wind and Revolution Wind intend to move to

---

[32] Fed. R. Civ. P. Rule 24(b).
[33] Fed. R. Civ. P. 24(c).
[34] *Hobson v. Hansen*, 44 F.R.D. 18, 25 (D.D.C. 1968) (quoting Fed. R. Civ. P. 24(c)).
[35] *Hobson*, 44 F.R.D. at 25 (citing *Miami Cnty. Nat. Bank of Paola, Kan. v. Bancroft*, 121 F.2d 921, 926 (10th Cir. 1941)).
[36] Proposed Intervenors' Mem. In Supp. of Mot. to Intervene (Feb. 6, 2024), ECF No. 7-1 at 23.

sever the South Fork Wind challenges from the Revolution Wind challenges,"[37] and presumably seek to have the severed South Fork allegations transferred to another judge of this Court.[38] So, Proposed Intervenors seek far more than to defend their interests in government project approvals—they want to commandeer the litigation, including what claims are to be heard by which judge—inevitably delaying resolution to the prejudice of Green Oceans.

Rule 24(b) states that, as to permissive intervention, "the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights."[39] The same is true of intervention by right:

> [T]imeliness [of intervention as of right] is to be judged in consideration of all the circumstances, especially weighing the factors of time elapsed since the inception of the suit, the purpose for which intervention is sought, the need for intervention as a means of preserving the applicant's rights, and the probability of prejudice to those already parties in the case.[40]

Proposed Intervenors' plan to sever and transfer portions of this lawsuit to another judge certainly would complicate and delay resolution of this case. For starters, there are no separate Revolution Wind or South Fork Wind causes of action to be severed or transferred. The Amended Complaint alleges the same violations of law as to both Projects and seeks the same relief as to both. Transfer to another judge of the claims as they pertain to South Fork would risk inconsistent rulings on the same legal issues—not to mention duplicate briefing and argument before two different judges and a complete reengineering of the suit as Green Oceans has

---

[37] Proposed Intervenors' Mem. In Supp. of Mot. to Intervene (Feb. 6, 2024), ECF No. 7-1 at 2, n.3.

[38] Proposed Intervenors state: "Two earlier-filed now consolidated cases challenging the South Fork Wind Project on similar grounds are currently pending in this Court before Judge Mehta." Proposed Intervenors' Mem. In Supp. of Mot. to Intervene (Feb. 6, 2024), ECF No. 7-1 at 2, n.3.

[39] Fed. R. Civ. P. 24(b)(3).

[40] *Smoke v. Norton*, 252 F.3d 468, 471 (D.C. Cir. 2001).

structured it.[41] The Proposed Intervenors' stated intentions turn Rule 24's requirements, which are aimed at "preventing potential intervenors from unduly disrupting litigation, to the unfair detriment of the existing parties,"[42] on its head.

The Court should not allow intervention here to disrupt, complicate, and delay resolution of this case, as Proposed Intervenors admit they plan to do.

**5.    Proposed Intervenors Make Several Irrelevant Arguments**

In arguing why they wish to involve themselves in this case, Proposed Intervenors discuss at length the millions of dollars they would lose if the South Fork Wind and Revolution Wind projects were enjoined.[43] But they fail to note that Green Oceans has not requested any injunctive relief in this case—making this argument entirely irrelevant.

South Fork Wind inaccurately states that it "has been granted intervention in every other federal district court case challenging its project approvals," listing docket entries for six cases. But South Fork Wind did not request and was not granted intervention in either *Allco*[44] or *Save Long Beach Island*,[45] neither of which involved the South Fork Wind Project.[46] In addition, their

---

[41] *See* 7 Wright & Miller, *Federal Practice and Procedure* § 1689 (3d ed. 2004) ("severance will be refused if the court believes that it only will result in delay, inconvenience, or added expense"); *see also Carmine v. Poffenbarger*, 154 F. Supp. 3d 309, 319-320 (E.D. Va. 2015) (denying severance where it would increase the risk of inconsistent verdicts, and require duplicative presentation of some common factual and legal issues in separate judicial forums).

[42] *Roane v. Leonhart*, 741 F.3d 147, 151 (D.C. Cir. 2014) (alteration in original) (citations and internal quotation marks omitted).

[43] *See* Proposed Intervenors' Mem. In Supp. of Mot. to Intervene (Feb. 6, 2024), ECF No. 7-1 at 22–23.

[44] *Allco Renewable Energy Ltd. v. Haaland*, No. 1:21-cv-11171-IT (D. Mass. June 21, 2022).

[45] *Save Long Beach Island v. U.S. Dep't of Commerce*, No. 3:23-cv-01886-RK (D.N.J. May 19, 2023).

[46] The *Allco* case involved the Vineyard Wind Project offshore Massachusetts, and Vineyard Wind 1 was the Intervenor. *See Allco Renewable Energy Ltd. v. Haaland*, No. 1:21-cv-11171-IT, Dkt. 121 (D. Mass. June 21, 2022). *Save long Beach Island* involved the Atlantic Shores Project, and Ørsted was the Intervenor. *See Save Long Beach Island v. U.S. Dep't of Commerce*, No. 3:23-cv-01886-RK, Dkt. 18 (D.N.J. May 19, 2023).

motions to intervene in the other four cases South Fork Wind cites were uncontested,[47] and so lend little support for this motion.

Proposed Intervenors mistakenly assert that "[t]his case is the latest in a string of litigation challenging the South Fork Wind Project's or the Revolution Wind Project's federal approvals, none of which have been decided against the validity of the Projects' approvals on the merits, and in all of which the courts have denied any requested temporary or preliminary injunctive relief."[48] The fact is that none of the cases involving the South Fork Wind or Revolution Wind projects have been decided on the merits—for or against Proposed Intervenors. Only one, *Mahoney v. U.S. Department of the Interior*, has gone to final judgment—and it was dismissed on jurisdictional grounds because it did not relate to any federal action.[49] *Mahoney* is also the only case denying injunctive relief—which did not relate to any federal action and was denied on jurisdictional grounds.[50]

In short, no decision in any case concerning either the South Fork Wind Project or the Revolution Wind Project offers any guidance on how the merits of this case should be decided—let alone whether this motion should be granted.[51]

---

[47] *See Pres. Soc'y of Newport Cnty. v. Haaland,* No. 1:23-cv-03510-APM, Minute Order (D.D.C. Dec. 12, 2023) (granting unopposed motion to intervene); *Se. Lighthouse Found. v. Haaland*, No. 1:23-cv-3514-APM, Minute Order (D.D.C. Dec. 6, 2023) (same); *Kinsella v. BOEM*, No. 1:22-cv-02147-JMC, Dkt. 43 (D.D.C. Nov. 7, 2022) (same); *Mahoney v. U.S. Dep't of the Interior*, No. 2:22-cv-01305-FB-ST, Dkt. 16 (E.D.N.Y. Mar. 14, 2022) (same).

[48] Proposed Intervenors' Mem. In Supp. of Mot. to Intervene (Feb. 6, 2024), ECF No. 7-1 at 3–4.

[49] *Mahoney* was a challenge to onshore construction only, that had been approved by the state of New York and did not concern any federal offshore approvals. *See Mahoney v. U.S. Dep't of the Interior*, No. 2:22-cv-01305-FB-ST, 2023 WL 4564912 (E.D.N.Y. July 17, 2023).

[50] *See Mahoney v. U.S. Dep't of the Interior*, No. 2:22-cv-01305-FB-ST, 2023 WL 4564912 (E.D.N.Y. July 17, 2023).

[51] Ørsted A/S, identified by Proposed Intervenors as the intervenor in the Save Long Beach Island case, is a Danish company with interests in South Fork Wind, LLC and Revolution Wind LLC, but Ørsted does not hold the permits and approvals challenged in this case.

**6.    If Intervention Is Nevertheless Allowed, the Court Should Limit Proposed Intervenors' Participation**

This Court has the discretion to impose conditions on intervention to promote judicial

efficiency and to ensure the efficient adjudication of the claim:

> "An intervention of right under the amended rule may be subject to appropriate conditions or restrictions responsive among other things to the requirements of efficient conduct of the proceedings." Fed. R. Civ. P. 24, 1966 advisory committee notes. Likewise, courts have inherent authority to impose reasonable limitations on the participation of intervenors as of right to ensure the efficient adjudication of the litigation.[52]

Should the Court allow intervention, Green Oceans requests that the Court impose

limitations on the Proposed Intervenors to avoid duplicative and overlapping briefing and

argument from the Government and Proposed Intervenors.

The Court could, for instance, require Proposed Intervenors to consult with the

Government before briefing or argument and to file one consolidated brief to avoid redundant

presentations. This Court has previously imposed such limitations on intervenor participation to

avoid duplicative briefing and argument:

> [T]o the extent plaintiffs attempt to convey their worry that intervention without any limitation will result in undue delay and confusion because of redundant briefing on substantially overlapping issues, the Court shares that concern. In similar circumstances, courts have used their discretion to impose conditions that help to promote the fair and expeditious resolution of the action. *See Forest Cty.*, 317 F.R.D. at 15–16 (requiring parties to meet and confer prior to filing of any motion to prevent duplicative briefing); *Earthworks v. U.S. Dep't of Interior*, Civ. No. 09-01972, 2010 WL 3063143, at *2 (D.D.C. Aug. 3, 2010) (requiring intervenor-defendants and defendants to "consult" and to present only arguments that "other parties do not advance"); *Cnty. of San Miguel, Colorado. v. MacDonald*, 244 F.R.D. 36, 48 n.17 (D.D.C. 2007) (limiting intervention to claims within the complaint). . . . Intervenor-defendants and current defendants shall meet and confer before filing any pleadings, motions, or briefs to determine whether their positions may be set forth in a single consolidated filing. Intervenor-defendants shall not file

---

[52] *United States v. City & Cnty. of Honolulu*, No. CIV.07-00235 DAE-KSC, 2007 WL 4800670, at *2 (D. Haw. Nov. 21, 2007) (quoting Fed. R. Civ. P. 24, 1966 advisory committee notes).

separate pleadings, motions, or briefs that repeat the same arguments presented by defendants or as one another. Separate filings shall be accompanied by a joint certification of compliance with this requirement and shall describe the need for separate filings. Within filings, claims involving identical substantive arguments should, to the extent possible, be addressed together; Intervenor-defendants shall confine arguments to the existing claims in this action and shall not introduce new claims or collateral issues.[53]

When deciding what limiting conditions to place on the intervention of a potential intervenor, "[t]he inquiry is necessarily context-specific, and the conditions should be tailored to fit the needs of the particular litigation, the parties, and the district court."[54] This Court has, for example, "barred intervenors from injecting collateral issues into the litigation[,]"[55] and (as just discussed) "required intervenors to consult with one another prior to filing papers with the Court and restricted their presentations to non-cumulative arguments."[56] "In the end, the primary limitation on the district court's discretion is that any conditions imposed should be designed to ensure the fair, efficacious, and prompt resolution of the litigation."[57]

**Conclusion**

Proposed Intervenors' interests are adequately represented by the United States in this lawsuit, making intervention as of right improper. Proposed Intervenors' failure to file a proposed pleading also defeats their requests, both for intervention as of right and for permissive intervention. Further, because Proposed Intervenors have expressed their intention to complicate

---

[53] *Waterkeeper All., Inc. v. Wheeler*, 330 F.R.D. 1, 10 (D.D.C. 2018).

[54] *Forest Cnty. Potawatomi Cmty. v. United States*, 317 F.R.D. 6, 15 (D.D.C. 2016).

[55] *Id*. (citing *Brady Campaign to Prevent Gun Violence v. Salazar,* 612 F. Supp. 2d 1, 11 n. 8 (D.D.C. 2009) (granting intervention of right but prohibiting intervenors from raising new claims or collateral issues)).

[56] *Id*. (citing *Earthworks v. U.S. Dep't of Interior,* Civil Action 09–01972 (HHK), 2010 WL 3063143, at *2 (Aug. 3, 2010)).

[57] *Id*.

and delay this case, their request to intervene should be denied to prevent undue delay and prejudice to Plaintiffs' cause of action.

In the event intervention is permitted, this Court should require Proposed Intervenors to file consolidated briefs with the Defendants and otherwise limit Proposed Intervenors' participation and delay in this case.


Dated: February 20, 2024                              Respectfully submitted,

                                                      s/ Roger J. Marzulla

                                                      Roger J Marzulla
                                                      Nancie G. Marzulla
                                                      Marzulla Law, LLC
                                                      1150 Connecticut Ave., NW
                                                      Suite 1050
                                                      Washington, D.C. 20036
                                                      (202) 822-6760
                                                      roger@marzulla.com
                                                      nancie@marzulla.com
                                                      Bar No. 394907
                                                      Bar No. 400985

                                                      Counsel for Plaintiffs