**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| GREEN OCEANS, *et al.*, | |
| *Plaintiffs,* | |
| v. | Case No.: 1:24-cv-00141-RCL |
| UNITED STATES DEPARTMENT OF THE INTERIOR, *et al.*, | |
| *Defendants,* | |
| and | |
| SOUTH FORK WIND, LLC & REVOLUTION WIND, LLC, | |
| *Proposed Defendant-Intervenors* | |

**REPLY IN SUPPORT OF SOUTH FORK WIND, LLC'S AND
REVOLUTION WIND, LLC'S MOTION TO INTERVENE AS DEFENDANTS
AND TO DEFER FILING ANSWER**

## TABLE OF CONTENTS

Page

I.    INTRODUCTION ........................................................................................................1

II.   ARGUMENT ...............................................................................................................3

    A.    South Fork Wind and Revolution Wind Are Entitled to Intervention of
        Right...................................................................................................................3

        1.    Plaintiffs Fail to Refute South Fork Wind's and Revolution Wind's
              Significantly Protectable Interests That Will Be Impaired If
              Plaintiffs Prevail..............................................................................3

        2.    Federal Defendants Will Not Adequately Represent South Fork
              Wind's and Revolution Wind's Interests.........................................4

    B.    South Fork Wind and Revolution Wind Have Been Granted Intervention
        in Multiple Similar Cases...................................................................................8

    C.    This Court Should Exercise Its Discretion to Grant South Fork Wind's and
        Revolution Wind's Motion for Leave to Defer Filing a Responsive
        Pleading............................................................................................................9

    D.    Alternatively, the Court Should Grant Permissive Intervention............................11

    E.    Granting Intervention Will Facilitate Resolution of This Case, and Will
        Not Complicate or Delay It................................................................................13

    F.    Consolidated Briefing Is Not Warranted or Appropriate......................................14

III.  CONCLUSION............................................................................................................16

## **TABLE OF AUTHORITIES**

**Page(s)**

### **CASES**

*Allco Renewable Energy Ltd. v. Haaland*,
  2022 WL 2117862 (D. Mass. June 13, 2022) ........................................................................14

*Brody By & Through Sugzdinis v. Spang*,
  957 F.2d 1108 (3d Cir. 1992)..................................................................................................6

*Carmine v. Poffenbarger*,
  154 F. Supp. 3d 309 (E.D. Va. 2015) ...................................................................................14

*Conserve Sw. Utah v. U.S. Dep't of the Interior*,
  2021 WL 8323601 (D.D.C. July 27, 2021).............................................................................4

*Crossroads Grassroots Pol'y Strategies v. Fed. Election Comm'n*,
  788 F.3d 312 (D.C. Cir. 2015) ............................................................................................5, 7

*Deutsche Bank Nat'l Tr. Co. v. Fed. Deposit Ins. Corp.*,
  717 F.3d 189 (D.C. Cir. 2013) ................................................................................................5

*Dimond v. Dist. of Columbia*,
  792 F.2d 179 (D.C. Cir. 1986) .......................................................................................4, 5, 6

*Env't Integrity Project v. Wheeler*,
  2021 WL 6844257 (D.D.C. Jan. 27, 2021)............................................................................11

*Forest Cnty. Potawatomi Cmty. v. United States*,
  317 F.R.D. 6 (D.D.C. 2016)...........................................................................................14-15

*Fund for Animals, Inc. v. Norton*,
  322 F.3d 728 (D.C. Cir. 2003) ................................................................................................7

*Hardin v. Jackson*,
  600 F. Supp. 2d 13 (D.D.C. 2009) ......................................................................................4, 5

*Hobson v. Hansen*,
  44 F.R.D. 18 (D.D.C. 1968)..................................................................................................12

*Jones v. Prince Georges Cnty.*,
  348 F.3d 1014 (D.C. Cir. 2003).............................................................................................7

*Massachusetts v. Microsoft Corp.*,
  373 F.3d 1199 (D.C. Cir. 2004) .....................................................................................10-11

*MGM Glob. Resorts Dev., LLC v. U.S. Dep't of the Interior*,
 2020 WL 5545496 (D.D.C. Sept. 16, 2020) ..........................................................10

*Miami Cnty. Nat'l Bank of Paola, Kan. v. Bancroft*,
 121 F.2d 921 (10th Cir. 1941) ............................................................................12

*Nat. Res. Def. Council v. Costle*,
 561 F.2d 904 (D.C. Cir. 1977) ...............................................................................5

*Red Lake Band of Chippewa Indians v. U.S. Army Corps of Eng'rs*,
 338 F.R.D. 1 (D.D.C. 2021) ...................................................................................4

*Roane v. Leonhart*,
 741 F.3d 147 (D.C. Cir. 2014) .............................................................................13

*Schoenborn v. Wash. Metro. Area Transit Auth.*,
 247 F.R.D. 5 (D.D.C. 2007) ...................................................................................7

*Smoke v. Norton*,
 252 F.3d 468 (D.C. Cir. 2001) .............................................................................13

*Trbovich v. United Mine Workers of Am.*,
 404 U.S. 528 (1972) ...............................................................................................4

*United States v. Am. Tel. & Tel. Co.*,
 642 F.2d 1285 (D.C. Cir. 1980) .............................................................................6

*Wash. All. of Tech. Workers v. U.S. Dep't of Homeland Sec.*,
 395 F. Supp. 3d 1 (D.D.C. 2019) .........................................................................10

*Waterkeeper All., Inc. v. Wheeler*,
 330 F.R.D. 1 (D.D.C. 2018).................................................................................15

## RULES

Fed. R. Civ. P.
 24(a) ......................................................................................................................6
 24(a)(2) ...............................................................................................................1, 7
 24(b)(1)(B) ..........................................................................................................12
 24(c) .............................................................................................................2, 9, 10

Loc. Civ. R. 7(j) .......................................................................................................2

## I.    INTRODUCTION

Plaintiffs' arguments in opposition to South Fork Wind, LLC's ("South Fork Wind") and Revolution Wind, LLC's ("Revolution Wind") Motion to Intervene and to Defer Filing Answer ("Motion"), Dkt. 7-1, bear no resemblance to this Court's standard for intervention and are at odds with controlling precedent.  Plaintiffs wrongly argue that these Proposed Defendant-Intervenors' financial stake—which is over a billion dollars for each Proposed Defendant-Intervenor in their respective project approvals that Plaintiffs seek to vacate—is "entirely irrelevant" to intervention. *See* Opp., Dkt. 18, at 10.  But under this Court's precedent, South Work Wind's and Revolution Wind's interests present the quintessential justification for intervention of right under Rule 24(a)(2): permit holders intervening to defend their significantly protectable interests in the Project approvals that Plaintiffs challenge under the Administrative Procedure Act ("APA").  And those interests would certainly be impaired if the Court awards Plaintiffs the relief they seek.  The challenged approvals issued to each distinct Project are necessary for each company to construct and operate its respective offshore wind generation facilities.  Courts routinely grant intervention to permittees in these circumstances, and indeed this Court has granted South Fork Wind and Revolution Wind intervention in other challenges to these very same Project approvals, including claims similar to those Plaintiffs raise here.  *See infra* Section II.B; Mot. at 4.

Plaintiffs misstate this Court's legal standard, claiming (at 5) that there is a "presumption" in APA cases such as this one that Federal Defendants adequately represent the interests of private developers South Fork Wind and Revolution Wind.  *See infra* Section II.A.2.  Federal Defendants' interests in this case begin and end with carrying out their responsibilities under statutes they administer; they do not share South Fork Wind's and Revolution Wind's specialized interests in maintaining their respective federal approvals challenged here.

Plaintiffs' other arguments in opposition to intervention of right are similarly unavailing. Plaintiffs ignore the wealth of caselaw supporting this Court's discretion to grant South Fork Wind's and Revolution Wind's request to file their Answer or other responsive pleading pursuant to Federal Rule of Civil Procedure 24(c) and Local Civil Rule 7(j) by the same deadline as Federal Defendants or three days after intervention is granted. *See infra* Section II.C. Proposed Defendant-Intervenors submitted detailed arguments and materials in support of their Motion (a 30-page memorandum and two declarations), so Plaintiffs are wrong that a responsive pleading is necessary to decide intervention. Plaintiffs do not appear to contest that this Motion was timely or that South Fork Wind or Revolution Wind have standing. Therefore, South Fork Wind and Revolution Wind satisfy every factor for intervention of right and this Court should grant their Motion. *See infra* Section II.A.

Plaintiffs' arguments against permissive intervention similarly fail. Contrary to Plaintiffs' assertions, the Motion does explain what claims or defenses Proposed Defendant-Intervenors share in common with Federal Defendants. *See infra* Section II.D. And South Fork Wind's and Revolution Wind's request to defer filing their answer or other responsive pleading for purposes of judicial economy in no way hinders permissive intervention here. *See infra* Sections II.C & II.C. Further, granting the Motion, which South Fork Wind and Revolution Wind filed only 21 days after Plaintiffs filed their Complaint, will not complicate or delay resolution of this case, and Plaintiffs' concerns regarding a potential future motion to sever the South Fork Wind claims from the Revolution Wind claims are unfounded. *See infra* Sections II.D & II.D.

Finally, Plaintiffs' request that the Court limit South Fork Wind's and Revolution Wind's participation in this litigation is both unfair and unnecessary at this time. If granted intervention,

South Fork Wind and Revolution Wind will cooperate in developing an orderly briefing schedule. *See infra* Section II.F.

South Fork Wind and Revolution Wind respectfully request this Court grant the Motion to Intervene.

## II.    ARGUMENT

### A.    South Fork Wind and Revolution Wind Are Entitled to Intervention of Right

#### 1.    Plaintiffs Fail to Refute South Fork Wind's and Revolution Wind's Significantly Protectable Interests That Will Be Impaired If Plaintiffs Prevail

Plaintiffs fail to refute South Fork Wind's and Revolution Wind's significantly protectable interests and the extent to which this litigation could impair those interests, all of which warrant intervention of right.  As an initial matter, Plaintiffs do not contest that South Fork Wind and Revolution Wind have significantly protectable interests in the challenged approvals, including the significant investments made to support each Project's timely construction and operation, and meet each Project's extensive contractual obligations.  While Plaintiffs mischaracterize (at 10) South Fork Wind's and Revolution Wind's financial interest in the challenged approvals as "irrelevant",[1] this is based on Plaintiffs' failure to acknowledge the potential impairment of these interests from the relief they seek.  Plaintiffs assert (at 10) that "Green Oceans has not requested any injunctive relief in this case", but Plaintiffs ignore that they are asking this Court to vacate the approvals that are necessary for construction and operation of each Project.  *See, e.g.*, Compl. at ¶¶ 79, 83, 84, 99, 113, 124, 171, 185, 194 & Prayer for Relief.  Courts routinely find this type of impairment (vacatur) to these type of interests (permits and approvals) sufficient to support

---

[1] Plaintiffs also mistakenly reference "the millions of dollars" that the Projects would lose, but the Motion is clear that the amount of investment at stake for South Fork Wind and Revolution Wind exceeds $1 billion each.  *See* Mot. at 1, 19, 20, 22, 23, 24, 26.

intervention of right. *See, e.g.*, *Red Lake Band of Chippewa Indians v. U.S. Army Corps of Eng'rs*, 338 F.R.D. 1, 6 (D.D.C. 2021) (granting developer intervention of right in challenge to federal permit where "Plaintiffs' requested relief, if granted, would as a practical matter impede [the developer's] ability to proceed with its [pipeline] replacement project, requiring [the developer] to halt construction and incur additional costs associated with delay"); *Conserve Sw. Utah v. U.S. Dep't of the Interior*, No. CV 21-1506 (ABJ), 2021 WL 8323601, at *2 (D.D.C. July 27, 2021) (granting state agency intervention of right in challenge to a federal approval issued to that state agency for construction and maintenance of a highway project because under those circumstances the "challenge to the legitimacy of the federal defendants' [approval] falls squarely within the rule governing intervention as a right when the movant has an interest in the subject of the action").

### 2.    Federal Defendants Will Not Adequately Represent South Fork Wind's and Revolution Wind's Interests

Plaintiffs misstate the applicable legal standard for adequate representation and ignore the factual circumstances in this case. "The requirement of [Rule 24] is satisfied if the applicant shows that representation of his interest 'may be' inadequate; and the burden of making that showing should be treated as minimal." *Trbovich v. United Mine Workers of Am.*, 404 U.S. 528, 538 n.10 (1972). And "[a] showing that existing representation is inadequate 'is not onerous.'" *Hardin v. Jackson*, 600 F. Supp. 2d 13, 16 (D.D.C. 2009) (quoting *Dimond v. Dist. of Columbia*, 792 F.2d 179, 192 (D.C. Cir. 1986)). This inquiry does not turn on whether the claims at issue will "be ably defended by attorneys from the Justice Department" or whether the "Justice department will [] zealously and competently defend the actions of these federal agencies." Opp. at 5. Contrary to Plaintiffs' assertion (at 5), this Court does not presume that a government agency's defense of its decision will adequately represent a private permittee's parochial interests in challenged government approvals nor does this Court require a "conflict of interest" to show inadequate

representation. *See, e.g.*, *Crossroads Grassroots Pol'y Strategies v. Fed. Election Comm'n*, 788 F.3d 312, 321 (D.C. Cir. 2015) ("[W]e look skeptically on government entities serving as adequate advocates for private parties."); *Dimond*, 792 F.2d at 193 (in contrast to government's duty to represent the interests of the public at large, private parties "seek[] to protect a narrow and 'parochial' financial interest not shared" by the general public); *Nat. Res. Def. Council v. Costle*, 561 F.2d 904, 912 n.41 (D.C. Cir. 1977) ("representation may not be adequate when the parties have different scopes to their interest, *i.e.*, when their interests may not coincide" (internal quotation marks omitted)).

Here, South Fork Wind and Revolution Wind have established that Federal Defendants are not adequate representatives of South Fork Wind's and Revolution Wind's unique and significantly protectable private interests in their respective Projects. *See* Mot. at 26-27; *supra* Section II.A.1. South Fork Wind and Revolution Wind have substantial financial expenditures, commitments, and commercial obligations with respect to the Projects that the Federal Defendants do not share. *See* Mot. at 26-27. South Fork Wind and Revolution Wind have committed over a billion dollars each in the development of their respective Projects, and they are each subject to contractual obligations regarding construction and operation of each Project. *See id.* Federal Defendants' interest is in compliance with law and, as a result, Federal Defendants may be unwilling or unable to defend South Fork Wind's or Revolution Wind's interests in the Projects, may be open to resolving this litigation in a way that would be directly harmful to these significantly protectable interests, may be unwilling to appeal an adverse decision, or may have different views as to remedy should Plaintiffs prevail.[2] *See, e.g.*, *Hardin*, 600 F. Supp. 2d at 16

---

[2] Plaintiffs (at 6) quote *Deutsche Bank National Trust Company v. Federal Deposit Insurance Corporation*, 717 F.3d 189, 193 (D.C. Cir. 2013)), but that case turned on a lack of standing and a different procedural posture. *See id.* at 191 ("The district court denied appellants' motion under

("The D.C. Circuit has frequently found 'inadequacy of governmental representation' when the government has no financial stake in the outcome of the suit." (quoting *Dimond*, 792 F.2d at 192)).

Curiously, Plaintiffs (at 5) rely on *Dimond*, in which the D.C. Circuit reversed a district court's denial of intervention for an insurance company, finding that the request for intervention "falls squarely within the relatively large class of cases in this circuit recognizing the inadequacy of governmental representation of the interests of private parties in certain circumstances" and that since the company's "interest cannot be subsumed within the shared interest of the citizens of the [the government], no presumption exists that the [the government] will adequately represent its interests." 792 F.2d at 192. Plaintiffs (at 5, 6) also rely on *United States v. American Telephone & Telegraph Co.*, in which the D.C. Circuit reversed the district court's denial of intervention for purposes of the appeal, concluding that "[w]e cannot find that those opposing intervention have carried their burden of showing adequate representation." 642 F.2d 1285, 1294 (D.C. Cir. 1980).[3]

Plaintiffs fail to cite any applicable contrary authority that would support denial of intervention here. The rest of Plaintiffs' cases are plainly distinguishable and do not modify the adequate representation standard applicable in these factual circumstances. *See* Opp. at 5-7. Simply put, there is no presumption of adequate representation that applies in this context. Plaintiffs rely on the Third Circuit's *Spang* decision, but that case involved First Amendment claims brought by students against a school board, and is neither binding nor persuasive. *See* Opp. at 5 (quoting *Brody By & Through Sugzdinis v. Spang*, 957 F.2d 1108, 1123 (3d Cir. 1992)). Plaintiffs' other cases, involving proposed plaintiff-intervenors whose sole interest in maximizing

---

Rule 24(a) on the ground that appellants' alleged interests 'have yet to crystallize' because they turn on a prior question of contract interpretation.").

[3] Furthermore, the nature of the permittee interests supporting intervention in this case are distinguishable from those in *American Telegraph* where intervention was based on interests associated with a collateral discovery issue. *See* 642 F.2d at 1291.

a damages award was identical to the interest of the existing plaintiff's, are also not applicable. *See* Opp. at 5 (citing *Schoenborn v. Wash. Metro. Area Transit Auth.*, 247 F.R.D. 5, 9 (D.D.C. 2007) (determining ability of additional family members to intervene *as plaintiffs* in a wrongful death claim brought by another family member)); Opp. at 6-7 (citing *Jones v. Prince Georges Cnty.*, 348 F.3d 1014, 1016 (D.C. Cir. 2003) (considering ability of father and daughter of a police shooting victim to intervene in a wrongful death claim bought by the decedent's mother)). Plaintiffs' inapposite cases cannot overcome this Circuit's extensive authority granting and affirming permit applicants' intervention of right *as defendants* in actions challenging their projects' approvals.  *See* Mot. at 25-27.

Finally, Plaintiffs' reliance on the fact that this case is an APA challenge with all federal defendants is a red herring.  Courts frequently grant intervention to private parties on the side of federal defendants in APA cases.  *See, e.g.*, *Fund for Animals, Inc. v. Norton*, 322 F.3d 728, 735-37 (D.C. Cir. 2003).  And courts have routinely granted intervention of right to offshore wind developers in APA challenges to agency approvals for offshore wind projects.  *See infra* Section II.B.

Because (1) Plaintiffs do not challenge the Motion's timeliness, and South Fork Wind and Revolution Wind have demonstrated (2) that they have significantly protectable interests in their respective Projects, (3) that would be impaired by this action, and (4) Federal Defendants will not adequately represent their interests, South Fork Wind and Revolution Wind have each satisfied the requirements for intervention of right under Rule 24(a)(2).[4]  *See* Mot. at Section III.A; *Crossroads*, 788 F.3d at 320 (setting forth requirements for intervention of right).

---

[4] As to the threshold requirement of standing, Plaintiffs also do not dispute that South Fork Wind or Revolution Wind have standing.  *See infra* at 11 (regarding Plaintiffs' reference to standing requirements).

**B.**    **South Fork Wind and Revolution Wind Have Been Granted Intervention in Multiple Similar Cases**

Notwithstanding the scores of cases in which other project developers have been granted intervention in actions challenging their project approvals, South Fork Wind's and Revolution Wind's Motion cites no fewer than seven separate cases in which South Fork Wind, Revolution Wind, or their parent company has already been granted intervention in other cases contesting the same approvals for the same Projects at issue in this case—including before this Court. *See* Mot. at 4. There is not a single case challenging these approvals in which South Fork Wind or Revolution Wind has been denied intervention. *See id.* Plaintiffs claim "South Fork Find did not request and was not granted intervention in either *Allco* or *Save Long Beach Island*, neither of which involved the South Fork Wind Project," Opp. at 10, but Plaintiffs are mistaken on both points. While *Allco Renewable Energy Ltd. v. Haaland* originally challenged the approvals only for the Vineyard Wind 1 project, *see* No. 1:21-cv-11171-IT, Dkt. 1 (D. Mass. July 18, 2021), the First Amended Complaint added claims against South Fork Wind, *see id.*, Dkt. 58 (Feb. 23, 2022). South Fork Wind moved to intervene in that case (No. 1:21-cv-11171-IT) on March 15, 2022. *See id.*, Dkt. 78. On June 13, 2022, the court severed the claims as to South Fork Wind and ordered the clerk to move South Fork Wind-related filings (including the motion to intervene) to a new docket, *see id.,* Dkt. 120, and then granted South Fork Wind's Motion to Intervene in that new docket, *see* No. 1:22-cv-10921-IT, Dkt. 121.

Similarly, *Save Long Beach Island v. U.S. Department of Commerce* does in fact involve a challenge to one of the approvals for the South Fork Wind Project that Plaintiffs challenge in this case. *See* No. 3:23-cv-01886-RK, Dkt. 1, Compl. ¶¶ 29, 150 (D.N.J. Apr. 4, 2023). Accordingly, as stated in the Motion, South Fork Wind's parent company sought and was granted intervention. *See id.*, Dkt. 18; Mot. at 4. While Plaintiffs assert (at 10) that "the motions to intervene in the

other four South Fork Wind cites . . . lend little support for this motion" purely because intervention was not contested, the standard for intervention does not change when contested. Accordingly, Plaintiffs have identified no basis to depart from the cited precedent.

      **C.**      <u>This Court Should Exercise Its Discretion to Grant South Fork Wind's and Revolution Wind's Motion for Leave to Defer Filing a Responsive Pleading</u>

      Plaintiffs wrongly assert (at 3-4) that South Fork Wind and Revolution Wind have not offered any reason or legal support for South Fork Wind's and Revolution Wind's request for leave to file their answer or other responsive pleading by the same deadline as Federal Defendants, or three days after intervention is granted, whichever is later. *See* Mot. at 29-30. To the contrary, South Fork Wind and Revolution Wind provided ample justification for their request, explaining that deferring the deadline to file responsive pleadings to align with Federal Defendants will further judicial economy. Mot. at 29. Additionally, this Court routinely exercises its discretion to allow intervenors to defer filing responsive pleadings. *See, e.g., Am. Soybean Ass'n v. Env't Prot. Agency*, No. 1:20-cv-03190, Dkt. 20 (D.D.C. Nov. 13, 2020) (J. Lamberth) (granting motion to intervene and to defer filing responsive pleading under Rule 24(c) to same date as federal defendant); *Nat'l Tr. for Historic Pres. v. Semonite*, No. 1:17-cv-01574-RCL, Dkt. 24 (D.D.C. Sept. 12, 2017) (J. Lamberth) (granting intervention and allowing intervenor's answer to later be filed on same date as federal defendants' answer); *Kinsella v. Bureau of Ocean Energy Mgmt.*, No. 1:22-cv-02147-JMC, Dkt. 43 (D.D.C. Nov. 7, 2022) (granting South Fork Wind intervention and ordering it to file its answer or other responsive pleading under Rule 24(c) on same date as federal defendants); Minute Order, *Voyageur Outward Bound Sch. v. United States*, No. 1:18-cv-01463-TNM (D.D.C. June 28, 2018) (granting motion to intervene with direction to file responsive pleadings at the same time as existing defendant); Minute Order, *Amneal Pharms. v. Food and Drug Admin.*, No. 1:17-cv-00180-RDM (D.D.C. Mar. 6, 2017) (granting motion to intervene as

defendants, with instructions to follow defendants' schedule for filing in cross-motions for summary judgment, and deferring requirement to answer complaint); Minute Order, *Eagle Pharms. v. Burwell*, No. 1:16-cv-00790-TJK (D.D.C. Mar. 31, 2018) (granting motion to intervene and allowing intervenor to defer responsive pleading until government defendant's deadline).

Plaintiffs (at 3-4) rely on *MGM Global Resorts Development, LLC v. U.S. Department of the Interior*, No. CV 19-2377 (RC), 2020 WL 5545496, at *6 (D.D.C. Sept. 16, 2020), but that case undermines Plaintiffs' argument. In *MGM Global*, this Court granted intervention of right to the proposed intervenors, despite the movants' failure to attach a pleading under Rule 24(c), where the proposed intervenors' motion sufficiently stated their interests. *See* 2020 WL 5545496, at *6. Like the movants in *MGM Global*, South Fork Wind and Revolution Wind thoroughly explained their interests in this action by filing a 30-page memorandum and two supporting fact declarations in support of this Motion. *See* Mot. at 29-30; Declaration of Melanie Gearon in Support of South Fork Wind's Intervention, Dkt. 7-2; Declaration of Kellen Ingalls in Support of Revolution Wind's Intervention, Dkt. 7-3. These detailed filings are more than sufficient to allow this Court to evaluate South Fork Wind's and Revolution Wind's requests for intervention without a corresponding pleading. Moreover, as the *MGM Global* court noted, courts in the D.C. Circuit do not apply Rule 24(c) "particularly rigidly", and thus this Court may exercise its discretion to grant South Fork Wind's and Revolution Wind's request to defer filing of a responsive pleading. *See* 2020 WL 5545496, at *6; *see also Wash. All. of Tech. Workers v. U.S. Dep't of Homeland Sec.*, 395 F. Supp. 3d 1, 21 n.4 (D.D.C. 2019) (where intervenors' position was apparent, "failure to include . . . a copy of [intervenors'] proposed answer to the Complaint does not procedurally bar [them] from intervening"); *Massachusetts v. Microsoft Corp.*, 373 F.3d 1199, 1236 n.19 (D.C. Cir.

10

2004) ("[P]rocedural defects in connection with intervention motions should generally be excused by a court." (citations omitted)).

Plaintiffs erroneously argue that a responsive pleading is necessary to allow this Court to evaluate whether South Fork Wind and Revolution Wind have Article III standing. *See* Opp. at 4. But South Fork Wind and Revolution Wind, in the Motion and supporting fact declarations, have both already provided ample information to demonstrate standing. *See* Mot. at 21-23. And Plaintiffs do not contest South Fork Wind's and Revolution Wind's Article III standing here.[5]

Finally, Plaintiffs are incorrect that filing a responsive pleading is a prerequisite to determining whether existing parties are adequate representatives of a proposed intervenor. *See* Opp. at 4. As explained *supra* Section II.A.2, South Fork Wind and Revolution Wind have already demonstrated that Federal Defendants do not adequately represent their respective distinct, significantly protectable interests at stake in this litigation, *see* Mot. at 25-27, and this Court has routinely allowed deferral of responsive pleadings in similar private party interventions to defend federal agency approvals, *see, e.g., Am. Soybean Ass'n*, No. 1:20-cv-03190, Dkt. 20; *Semonite*, No. 1:17-cv-01574-RCL, Dkt. 24; *Kinsella*, No. 1:22-cv-02147-JMC, Dkt. 43.

## D.    Alternatively, the Court Should Grant Permissive Intervention

Plaintiffs also fail to establish that South Fork Wind and Revolution Wind are not entitled to permissive intervention. *First*, Plaintiffs mistakenly claim the Motion does not indicate what claims or defenses Proposed Defendant-Intervenors share in common with Federal Defendants. *See* Opp. at 8. As explained in the Motion (at 28), South Fork Wind and Revolution Wind seek intervention to raise defenses responsive to Plaintiffs' claims under the APA, National

---

[5] The standing case that Plaintiffs cite, *Environmental Integrity Project v. Wheeler*, No. 20-cv-1734 (KBJ), 2021 WL 6844257, at *2 (D.D.C. Jan. 27, 2021), directly undermines their argument, because that court specifically declined to require the proposed intervenor-defendants to demonstrate standing and granted the motion to intervene.

Environmental Policy Act, Endangered Species Act, Marine Mammal Protection Act, Migratory Bird Treaty Act, Coastal Zone Management Act, National Historic Preservation Act, Outer Continental Shelf Lands Act, Clean Water Act, and Rivers and Harbors Act claims against the Projects' approvals at issue in this litigation. Thus South Fork Wind and Revolution Wind will necessarily assert a claim or defense in common with the main action, which satisfies the common question of law or fact requirement for permissive intervention under Rule 24(b)(1)(B).

*Second*, Plaintiffs are incorrect that South Fork Wind's and Revolution Wind's request to defer filing their answer or other responsive pleading precludes intervention, *see supra* Section II.C, and point to no authority for this proposition in the context of permissive intervention. Plaintiffs' argument is based on the assertion that a request to defer filing of a responsive pleading is *ipso facto* "fatally defective" to permissive intervention. *See* Opp. at 8. Not so.[6] Rather, as noted above, courts have broad discretion with respect to both permissive intervention and the decision to defer filing a responsive pleading. It is commonplace and appropriate for courts to allow intervenors to defer filing responsive pleadings. *See infra* Section II.C.

*Third,* Plaintiffs are wrong to suggest that the intervention will result in undue delay or prejudice. *See infra* Section II.E. Again, Plaintiffs fail to grapple with or distinguish the Motion's cited authority, and they have not identified a single basis upon which permissive intervention should be denied if the Court does not grant intervention of right.

---

[6] Plaintiffs' single cited case did not even reach a holding on permissive intervention. *See Hobson v. Hansen*, 44 F.R.D. 18, 33 n.12 (D.D.C. 1968) ("Petitioners have not sought permissive intervention pursuant to Rule 24(b) . . . ."). Rather, *Hobson* merely cites *Miami County National Bank of Paola, Kansas v. Bancroft* for its observation as to Rule 24 that, "[t]he purpose of the rule requiring the motion to state the reasons therefor and accompanying the motion with a pleading setting forth the claim or defense is to enable the court to determine whether the applicant has the right to intervene, and, if not, whether permissive intervention should be granted." 121 F.2d 921, 926 (10th Cir. 1941). Here, the Court is able to make that determination on the briefing.

**E.    Granting Intervention Will Facilitate Resolution of This Case, and Will Not Complicate or Delay It**

Plaintiffs (at 8-9) are wrong that granting intervention here will complicate and delay resolution of this action because South Fork Wind and Revolution Wind, if granted intervention, intend to move to sever the South Fork Wind Project claims from the Revolution Wind Project claims.

As an initial matter, Plaintiffs do not contest, and there is no question, that South Fork Wind and Revolution Wind have timely moved for intervention, having filed the Motion within 21 days after Plaintiffs filed their complaint and before any responsive pleadings have been filed. *See* Mot. at 2-3. No administrative records have been certified to the Court, and the initiation of any merits briefing is months away. Plaintiffs cite (at 9) *Smoke v. Norton*, 252 F.3d 468, 471 (D.C. Cir. 2001), in an attempt to support their arguments regarding delay, but that case involved the timeliness of a motion to intervene post-judgment—which the D.C. Circuit determined was in fact timely. Similarly, Plaintiffs' citation (at 10) to *Roane v. Leonhart*, 741 F.3d 147, 151 (D.C. Cir. 2014), is inapposite—in that case, the D.C. Circuit determined that the district court had erred in denying intervention, and concluded that granting intervention to the movant would not prejudice any existing party.

The procedural posture of this action is closely analogous to that in *Allco*, which involved challenges to distinct federal approvals for different offshore wind projects under very similar circumstances. In *Allco*, South Fork Wind moved to intervene, stating that it supported the federal defendants' pending motion to sever the South Fork Wind-related claims, and if granted intervention, would join that motion. *See* No. 1:21-cv-11171-IT, Dkt. 78 at ¶ 3. The U.S. District Court for the District of Massachusetts then granted the federal defendants' motion to sever, ordered the clerk to move South Fork Wind-related filings to a new docket, *see id.*, Dkt. 120, and

then granted intervention in that new docket, *see* No. 1:22-cv-10921-IT, Dkt. 121.  In severing the South Fork Wind Project claims from those involving the separate project offshore Massachusetts (the Vineyard Wind 1 project), the *Allco* court found "it in the interest of both justice and economy to sever the South Fork Wind related claims into a separate action."  *See Allco Renewable Energy Ltd. v. Haaland*, No. 1:21-cv-11171-IT, 2022 WL 2117862, at *3 (D. Mass. June 13, 2022).[7] Additionally, to the extent Plaintiffs take issue with South Fork Wind's and Revolution Wind's intent to file a motion to sever (if granted intervention), their objections should be addressed in response to an actual motion to sever.[8]

In sum, Plaintiffs' disagreement with a potential future motion to sever certain claims does not justify denying South Fork Wind's and Revolution Wind's timely request to intervene to protect their respective significant interests in the South Fork Wind Project and Revolution Wind Project.

F.    **Consolidated Briefing Is Not Warranted or Appropriate**

Plaintiffs (at 12-13) ask the Court to impose unfair and unnecessary limitations on South Fork Wind's and Revolution Wind's participation in this litigation, including to require South Fork Wind and Revolution Wind to "consult" with Federal Defendants on briefing or file consolidated briefs with Federal Defendants.  In support of their request, Plaintiffs (at 13) cite to *Forest County*

---

[7] The *Allco* court found that "[w]hile both projects underwent the same agency review process and were subject to the same regulatory standards, these common frameworks do not justify joinder where the claims hinge on highly fact specific questions as to the adequacy of two separate agency review processes, supported by two distinct administrative records."  2022 WL 2117862, at *3.

[8] The one severance-related case that Plaintiffs cite, *Carmine v. Poffenbarger*, 154 F. Supp. 3d 309, 319-20 (E.D. Va. 2015), involved a defendant's motion to sever non-diverse medical malpractice defendants and retain the products liability claims related to a plaintiff's injuries suffered during spinal surgery, in order to invoke diversity jurisdiction—a far cry from Plaintiffs' challenges to distinct federal approvals for two independent offshore wind projects with separate administrative records.

*Potawatomi Community v. United States*, 317 F.R.D. 6, 15 (D.D.C. 2016), but this case undermines Plaintiffs' request that South Fork Wind and Revolution Wind confer or consolidate briefing with Federal Defendants because the *Forest County* court only required the intervening parties to confer with one another, not with the United States.  Plaintiffs cite *Waterkeeper Alliance, Inc. v. Wheeler*, 330 F.R.D. 1, 10 (D.D.C. 2018), which is distinguishable because it involved intervention of three separate parties and two different sets of overlapping claims.  In contrast, South Fork Wind's and Revolution Wind's intervention at this early stage would not cause delay or otherwise interfere with the efficient adjudication of Plaintiffs' claims.

Revolution Wind and South Fork Wind acknowledge the Court's discretion to establish procedures to ensure the orderly disposition of this case and are willing to confer with Federal Defendants to avoid unnecessary or duplicative briefing.  However, it is well known that the Federal Defendants will not enter into joint defense agreements or share draft briefs.  If the Court has concerns about efficiency, the Court could order staggered briefing, so that South Fork Wind and Revolution Wind as intervenors could review Federal Defendants' submissions before filing their own briefs, to avoid any unnecessary duplication.  South Fork Wind and Revolution Wind, however, respectfully submit that it would be premature at this early stage of the litigation to impose specific restrictions on their participation, particularly because Federal Defendants' broad interests in the subject of this litigation may diverge from South Fork Wind's and Revolution Wind's specific interests, *see supra* Section II.A.2, and, as a result, restrictions on South Fork Wind's and Revolution Wind's participation in this case may impose a significant constraint on their ability to protect their respective interests.  Other courts that have granted intervention for South Fork Wind and Revolution Wind have not imposed restrictions on participation.  *See supra* Section II.B; *see also* Mot. at 4.

15

## III.     CONCLUSION

For the foregoing reasons, South Fork Wind and Revolution Wind respectfully request that the Court grant their Motion.

Dated:  February 27, 2024                          Respectfully submitted,

By */s/*  Janice M. Schneider

Janice M. Schneider (D.C. Bar No. 472037)
Stacey L. VanBelleghem (D.C. Bar No. 988144)
Devin M. O'Connor (D.C. Bar No. 1015632)
LATHAM & WATKINS LLP
555 11th Street NW, Suite 1000
Washington, D.C. 20004
Tel:  (202) 637-2200
Fax:  (202) 637-2201
Email: janice.schneider@lw.com
        stacey.vanbelleghem@lw.com
        devin.o'connor@lw.com

*Counsel for Proposed Defendant-Intervenors*
*South Fork Wind, LLC and Revolution Wind, LLC*