UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **GREEN OCEANS**, *et al.*, <br><br> *Plaintiffs,* <br><br> v. <br><br> **UNITED STATES DEPARTMENT OF THE INTERIOR**, *et al.*, <br><br> *Defendants,* <br> and <br><br> **SOUTH FORK WIND, LLC** and **REVOLUTION WIND, LCC**, <br><br> *Proposed Defendant-Intervenors.* | Case No. 1:24-cv-00141-RCL |

**MEMORANDUM AND ORDER**

This case is one of many in this district challenging federal approvals of offshore wind projects on the Eastern Seaboard. Plaintiffs challenge Federal Defendants' approvals associated with two projects, the South Fork Wind Farm and South Fork Export Cable Project ("South Fork Project") and the Revolution Wind Farm and Revolution Wind Export Cable Project ("Revolution Project"). Before the Court is Federal Defendants' motion for all claims related to the South Fork Project to be severed into a separate action, which would then be referred to the Calendar and Case Management Committee for reassignment to Judge Mehta under Local Civil Rule 40.5. *See* Mot. to Sever, ECF No. 20. For the reasons discussed below, the Court will **GRANT** this motion.

Also before the Court is the motion of the developers of the projects at issue, South Fork Wind, LLC and Revolution Wind, LLC, to intervene as defendants. *See* Mot. to Intervene, ECF No. 7. Since the Court will sever the claims relating to the South Fork Project, it will deny the

1

motion without prejudice to future refiling insofar as it concerns South Fork Wind. However, Revolution Wind has clearly met the requirements for intervention as of right. The motion to intervene is therefore **GRANTED IN PART** and **DENIED IN PART**.

## I. BACKGROUND

Plaintiffs commenced this action in January 2024, challenging federal approvals relating to two offshore wind projects: the South Fork Project and the Revolution Project. *See* Compl., ECF No. 1. Plaintiffs allege violations of the Administrative Procedure Act, the National Environmental Policy Act, the Endangered Species Act, the Marine Mammal Protection Act, the Migratory Bird Treaty Act, the Coastal Zone Management Act, and the National Historic Preservation Act. *See id.* at ¶¶ 72–216.

Besides this case, the Court is also presiding over two consolidated cases challenging approvals associated with the Revolution Project on the basis of the Administrative Procedure Act, the National Environmental Policy Act, the National Historic Preservation Act. *See Pres. Soc'y of Newport Cnty. v. Haaland*, Case No. 23-cv-3513; *Se. Lighthouse Found. v. Haaland*, Case No. 23-cv-3515. Currently before Judge Mehta are two consolidated cases challenging approvals relating to the South Fork Project on the basis of the Administrative Procedure Act, the National Environmental Policy Act, the National Historic Preservation Act. *See Pres. Soc'y of Newport Cnty. v. Haaland*, Case No. 23-cv-3510; *Se. Lighthouse Found. v. Haaland*, Case No. 23-cv-3514.

Federal Defendants have moved to sever all claims related to the South Fork Project into a separate action. As the new action would be related to the cases assigned to Judge Mehta, it would then be referred to the Calendar and Case Management Committee for reassignment to Judge Mehta under Local Civil Rule 40.5. *See* Mot. to Sever. Plaintiffs oppose severance. *See* Opp'n to Mot. to Sever, ECF No. 22. Federal Defendants have filed a reply. *See* Reply in Support of Mot. to Sever, ECF No. 24.

In addition, South Fork Wind, the developer of the South Fork Project, and Revolution Wind, the developer of the Revolution Project, have moved to intervene as defendants, seeking intervention as of right or, in the alternative, permissive intervention. *See* Mot. to Intervene. They also ask that the Court allow them to file the answer or other responsive pleading required by Federal Rule of Civil Procedure 24(c) and Local Civil Rule 7(j) by the same deadline as Federal Defendants or three days after intervention is granted, whichever is later. Mem. in Support of Mot. to Intervene 5 ("Intervention Mem."), ECF No. 7-1. Federal Defendants take no position on the motion, but plaintiffs oppose it. *See* Opp'n to Mot. to Intervene, ECF No. 18. The proposed defendant-intervenors have filed a reply. *See* Reply, ECF No. 19.

## II.  DISCUSSION

### A. Federal Defendants' Motion to Sever Claims Concerning the South Fork Project

The Court will grant Federal Defendants' motion to sever the South Fork Project-related claims.

In general, "[a] party asserting a claim . . . may join . . . as many claims as it has against an opposing party." Fed. R. Civ. P. 18(a). But under Federal Rule of Civil Procedure 21, a court is authorized to sever a claim against any party "on just terms" on motion of the parties or sua sponte. *See* Fed. R. Civ. P. 21. Once severed, the claims move forward as an independent action. *Pinson v. U.S. Dep't of Just.*, 74 F. Supp. 3d 283, 289 n.7 (D.D.C. 2014). "Whether to grant a motion to sever is within the discretion of the trial court." *Alexander v. Edgewood Mgmt. Corp.*, 321 F.R.D. 460, 463 (D.D.C. 2017) (Lamberth, J.). "In making this determination, courts consider multiple factors, including: (1) whether the claims arise out of the same transaction or occurrence; (2) whether the claims present common questions of law or fact; (3) concerns related to judicial economy, multiplicity of litigation, and orderly and efficient resolution of disputes; (4) the availability of witnesses and other evidentiary proof; and (5) the potential for confusion, undue

delay, or prejudice to any party." *M.M.M. on behalf of J.M.A. v. Sessions*, 319 F. Supp. 3d 290, 295 (D.D.C. 2018).

The Court agrees with Federal Defendants that plaintiffs' South Fork Project-related claims should be severed. Plaintiffs maintain that "[b]oth Projects occupy the same leased area, are owned by the same two publicly traded companies[,] . . . and affect the same Plaintiffs in a similar manner." Opp'n to Mot. to Sever 1 (footnotes omitted). But the projects also differ in important respects, including their scale, their progress, and the state to which they will deliver electricity. Mem. in Support of Mot. to Sever 1 ("Severance Mem."), ECF No. 20-1. Most significantly, plaintiffs challenge a distinct set of regulatory approvals for each project, meaning that review would be of two distinct administrative records.

Since plaintiffs are challenging two distinct sets of federal approvals, their Revolution Project-related claims and the South Fork Project-related claims do not present common questions of law or fact. A court in the District of Massachusetts granted a motion to sever claims relating to the South Fork Project from claims relating to a separate offshore wind energy project. *Allco Renewable Energy Ltd. v. Haaland*, No. 1:21-cv-11171 (IT), 2022 WL 2117862 (D. Mass. June 13, 2022). In reaching this result, that court noted that "Plaintiffs' claims relating to South Fork Wind challenge a wholly distinct set of federal approvals from those issued to [the developer of the other project] and challenged in the initial complaint" because "[w]hile both projects underwent the same agency review process and were subject to the same regulatory standards, these common frameworks do not justify joinder where the claims hinge on highly fact specific questions as to the adequacy of two separate agency review processes, supported by two distinct administrative records." *Id.* at *3. So too here. The administrative records for these two projects result from different processes at different times concerning similar but distinct ventures, and the

Court is not prepared to accept plaintiffs' assumption that the claims "involve almost identical facts and law" because the records will be "largely the same." Opp'n to Mot. to Sever 11–12.

Next, judicial economy and efficiency favor severing the South Fork Project-related claims and permitting them to be reassigned to the judge overseeing related challenges to the South Fork Project, Judge Mehta. Federal defendants are right that failing to sever the South Fork Project-related claims "would result in unnecessary duplication of labor by the Court" because it would need to familiarize itself with the extensive administrative record for this project even though Judge Mehta is going to master that record anyway from his own cases. Severance Mem. 12. Similarly, denying the motion would risk "undue delay" in the resolution of the Revolution Project-related claims, because the Court will already be familiar with the Revolution Project record from its other cases but the Court would need to begin from scratch with the lengthy record for the South Fork Project.

And although the claims in this case involve additional statutes absent from the consolidated cases before Judge Mehta, they overlap in asserting claims under the National Environmental Policy Act and the National Historic Preservation Act, creating the risk of inconsistent rulings. Moreover, "[c]onsolidated briefs and other filings would only complicate this already complex litigation by blurring the distinctions between the projects." *Habitat Educ. Ctr., Inc. v. Kimbell*, 250 F.R.D. 390, 395 (E.D. Wis. 2008). Even plaintiffs struggle to keep apart the two sets of claims in their Complaint, for instance by citing agency statements made in reference to one project to support allegations concerning both projects. *See* Compl. ¶¶ 111, 114; *see also* Severance Mem. 11.

Finally, the Court is not persuaded that requiring plaintiffs to litigate their claims in two separate cases would "severely prejudice" them "by increasing their costs and unnecessarily

complicating the resolution of their claims." *See* Opp'n to Mot. to Sever 2. True, they would have to argue their challenges to each project in a separate suit before a different judge. But that alone is not substantial prejudice.

The Court will therefore grant Federal Defendants' motion to sever.

### B. Proposed Defendant-Intervenors' Motion to Intervene

The Court will grant the motion to intervene with respect to Revolution Wind. However, because it will sever the claims relating to the South Fork Project, the Court will deny the motion to intervene with respect to South Fork, without prejudice to South Fork moving to intervene in that new docket. The following discussion will therefore focus entirely on Revolution Wind.

The proposed defendant-intervenors note that in numerous similar cases, courts have permitted South Fork, Revolution Wind, or their parent company to intervene. *See* Intervention Mem. n.3; Reply in Support of Mot. to Intervene 8–9 (collecting cases). Indeed, this Court has already granted Revolution Wind's motion to intervene of right in its consolidated cases challenging the approval of the Revolution Project. *See Preservation Soc'y of Newport Cnty. v. Haaland*, 23-cv-3513, ECF No. 14 (D.D.C. Dec. 8, 2023). Although intervention was uncontested in that case, here the Court will arrive at the same result.

As a preliminary matter, Revolution Wind's Article III standing is self-evident. A party seeking to intervene as a defendant must demonstrate Article III standing. *Crossroads Grassroots Pol'y Strategies v. Fed. Election Comm'n*, 788 F.3d 312, 316 (D.C. Cir. 2015). Revolution Wind has easily established the necessary injury-in-fact, causation, and redressability because plaintiffs seek vacatur of approvals necessary for the construction and operation of Revolution Wind's project, which Revolution Wind says could cost it billions of dollars. *See* Intervention Mem. 21–23. Indeed, plaintiffs do not contest Revolution Wind's standing.

Next, Revolution Wind meets the requirements for intervention of right under Federal Rule of Civil Procedure 24(a).  In this circuit, a court considering a motion to intervene as of right "employ[s] a four-factor test requiring: 1) timeliness of the application to intervene; 2) a legally protected interest; 3) that the action, as a practical matter, impairs or impedes that interest; and 4) that no party to the action can adequately represent the potential intervenor's interest." *Crossroads Grassroots Pol'y Strategies*, 788 F.3d at 320.  All four factors are met here.

First, plaintiffs do not contest the timeliness of Revolution Wind's motion to intervene, which was filed within twenty-one days of plaintiffs' complaint and before the Federal Defendants had filed a response.  Second, since Revolution Wind has Article III standing, "it *a fortiori* has 'an interest relating to the property or transaction which is the subject of the action.'"  *Id.* (quoting *Fund For Animals, Inc. v. Norton*, 322 F.3d 728, 735 (D.C. Cir. 2003)).

Finally, "disposing of the action may as a practical matter impair or impede" Revolution Wind's "ability to protect its interest" and Federal Defendants do not "adequately represent that interest."  *See* Fed. R. Civ. P. 24(a).  Plaintiffs argue that the motion to intervene "fails to show why the United States Justice Department and agency counsel will not adequately defend the federal agencies' approvals and permits challenged in this case" because "Proposed Intervenors do not identify a single issue on which their position differs from that of the Government, conflict of interest, or any other reason the Justice Department will not zealously and competently defend the actions of these federal agencies."  Opp'n to Mot. to Intervene 4–5.  But "[a] showing that existing representation is inadequate 'is not onerous'" and "'[t]he applicant need only show that representation of his interest "may be" inadequate, not that representation will in fact be inadequate.'"  *Hardin v. Jackson*, 600 F. Supp. 2d 13, 16 (D.D.C. 2009) (quoting *Dimond v. District of Columbia*, 792 F.2d 179, 192 (D.C. Cir. 1986)).  There can be little doubt that Federal

Defendants' representation of Revolution Wind's interests may be inadequate because the interests of Federal Defendants and Revolution Wind are not the same. "A government entity . . . is charged by law with representing the public interest of its citizens" whereas a private party "is seeking to protect a more narrow and 'parochial' financial interest not shared by" the general public. *Dimond*, 792 F.2d at 192–93; *see also Am. Soybean Ass'n v. Env't Prot. Agency*, No. 1:20-cv-03190 (RCL), Order 2, ECF No. 20 (D.D.C. Nov. 13, 2020) ("[T]he federal defendants may not adequately represent the interests of the proposed intervenors because the federal defendants have an obligation to represent the public interest as a whole and not the individual propriety interests of the proposed intervenors."); *Crossroads Grassroots Pol'y Strategies*, 788 F.3d at 321 ("[W]e look skeptically on government entities serving as adequate advocates for private parties.").

Nonetheless, plaintiffs argue that the motion to intervene should be denied for failure to comply with the requirement of Federal Rule of Civil Procedure 24(c) and Local Civil Rule 7(j) that a motion to intervene be "accompanied by a pleading that sets out the claim or defense for which intervention is sought." Opp'n to Mot. to Intervene 3 (quoting Fed. R. Civ. P. 24(c)). It is true that Revolution Wind has not yet provided a pleading to accompany its motion. However:

> [A]lthough the Federal Rules require that any motion to intervene be accompanied by a pleading that sets out the claim or defense for which intervention is sought[,] the Federal Rules must be construed to secure the just, speedy, and inexpensive determination of every action and proceeding[,] and other courts have observed that [w]here . . . the position of the movant is apparent . . . and where the opposing party will not be prejudiced, Rule 24(c) permits a degree of flexibility with technical requirements.

*Washington All. of Tech. Workers v. U.S. Dep't of Homeland Sec.*, 395 F. Supp. 3d 1, 21 n.4 (D.D.C. 2019) (quoting *New England Anti-Vivisection Soc'y v. U.S. Fish & Wildlife Serv.*, No. 16-cv-149, 2016 WL 10839560, at *1 (D.D.C. Apr. 29, 2016) (Brown Jackson, J.)). Accordingly, this Court and other courts in this district have permitted parties to intervene and defer filing their responsive pleadings. *See, e.g., Am. Soybean Ass'n v. Env't Prot. Agency*, No. 20-cv-03190

8

(RCL), ECF No. 20 (D.D.C. Nov. 13, 2020) (granting motion to intervene of right and permitting intervenors to respond to plaintiffs' complaint by the same deadline as federal defendants); *Nat'l Tr. for Historic Pres. v. Semonite*, No. 17-cv-01574 (RCL), ECF Nos. 24, 26 (D.D.C. Sept. 12, 2017) (same); *Kinsella v. Bureau of Ocean Energy Mgmt.*, No. 22-cv-02147 (JMC), ECF No. 43 (D.D.C. Nov. 7, 2022) (granting South Fork Wind's motion to intervene and ordering it to file its responsive pleading on the same date as the federal defendants); *see also* Reply in Support of Mot. to Intervene 9–10 (collecting cases). Here, it is appropriate to permit Revolution Wind to file its responsive pleading at the same time as federal defendants because "the position of the movant is apparent" and "the opposing party will not be prejudiced." *Washington All. of Tech. Workers*, 395 F. Supp. 3d at 21 n.4 (quoting *New England Anti-Vivisection Soc'y*, 2016 WL 10839560, at *1). Plaintiffs say the "purpose" of Rule 24(c) "is to enable the court to determine whether the applicant has the right to intervene," but the proposed intervenors have provided ample information about their standing and their satisfaction of the requirements for intervention of right through their motion to intervene and accompanying declarations. *See* Opp'n to Mot. to Intervene 3–4 (quoting *MGM Glob. Resorts Dev., LLC v. United States Dep't of the Interior,* No. 19-cv-2377 (RC), 2020 WL 5545496, at *6 (D.D.C. Sept. 16, 2020)).

Accordingly, the Court will grant the motion to intervene insofar as Revolution Wind seeks to intervene, and it will permit Revolution Wind to file its answer or other responsive pleading by the same deadline as Federal Defendants, which is within sixty days of the filing of plaintiffs' first amended complaint. Order, ECF No. 23.

Finally, plaintiffs argue that if the Court does grant intervention, it should "impose limitations on the Proposed Intervenors to avoid duplicative and overlapping briefing and argument from the Government and Proposed Intervenors." Opp'n to Mot. to Intervene 12. For

instance, plaintiffs suggest the Court require consultation with Federal Defendants before briefing or even consolidated briefs. The Court may take appropriate measures to ensure the orderly and efficient resolution of this case should a need to do so arise. But for now, the Court will refrain from imposing any specific restrictions on Revolution Wind.

### III.     CONCLUSION

For the foregoing reasons, it is hereby:

**ORDERED** that Federal Defendants' motion to sever is **GRANTED**; and it is further

**ORDERED** that the Clerk of Court shall sever from the other activities in this case all proceedings relating to the South Fork Wind Farm and South Fork Export Cable Project; and it is further

**ORDERED** that the Clerk of Court shall docket a copy of all filings in the above-captioned case up to and including this Order in a separate action with (i) plaintiffs in the above-captioned case listed as plaintiffs and (ii) defendants in the above-captioned case listed as defendants; and it is further

**ORDERED** that, pursuant to Local Civil Rule 40.5(a)(3), the new action shall be designated as related to *Preservation Society of Newport County v. Haaland*, Case No. 23-cv-3510, and *Southeast Lighthouse Foundation v. Haaland*, Case No. 23-cv-3514; and it is further

**ORDERED** that, pursuant to Local Civil Rule 40.5(c), the Clerk of Court shall transfer the new action to the Calendar and Case Management Committee for reassignment to Judge Mehta; and it is further

**ORDERED** that South Fork Wind's and Revolution Wind's Motion to Intervene of right under Federal Rule of Civil Procedure 24(a) is **GRANTED** insofar as it relates to Revolution Wind and **DENIED WITHOUT PREJUDICE** insofar as it relates to South Fork Wind; and it is further

**ORDERED** that Defendant-Intervenor Revolution Wind shall file its Answer or other responsive pleading within sixty days of the filing of plaintiffs' first amended complaint.

**IT IS SO ORDERED.**

Date: 4-10-24

Royce C. Lamberth
United States District Judge