**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| GREEN OCEANS, *et al.*, <br><br> *Plaintiffs,* <br><br> v. <br><br> UNITED STATES DEPARTMENT OF THE INTERIOR, *et al.*, <br><br> *Defendants,* <br><br> and <br><br> REVOLUTION WIND, LLC, <br><br> *Defendant-Intervenor.* | Case No.: 1:24-cv-00141-RCL |

**DEFENDANT-INTERVENOR REVOLUTION WIND, LLC'S ANSWER TO**
**PLAINTIFFS' SECOND AMENDED COMPLAINT TO REVERSE AND SET ASIDE**
**FINAL AGENCY ACTION**

Defendant-Intervenor Revolution Wind, LLC ("Revolution Wind") answers Plaintiffs'

Second Amended Complaint to Reverse and Set Aside Final Agency Action ("SAC"), Dkt. 82, as

follows:

**GENERAL DENIAL**

Revolution Wind denies every allegation in Plaintiffs' SAC not expressly admitted in this

Answer and every allegation or claim the Court has ordered dismissed, including claims by specific

Plaintiffs whom the Court concluded lacked standing. *See* Dkts. 69, 70. Although Plaintiffs

acknowledge in their Reply in Support of their Motion for Leave to File a Second Amended

Complaint that their Migratory Bird Treaty Act ("MBTA") and Coastal Zone Management Act

("CZMA") claims have been dismissed, and Revolution Wind thus has no obligation to respond

to those claims, Plaintiffs have improperly included them in the SAC after the Court dismissed the claims. *See* Dkt. 78 at 7 (Plaintiffs are "not seeking to revive the dismissed Migratory Bird Treaty Act (MBTA) and Coastal Zone Management Act claims"); *see also* Dkt. 69 at 1 (dismissing the MBTA and CZMA claims).

\*        \*        \*        \*

The first unnumbered paragraph in Plaintiffs' SAC is denied.

The second unnumbered paragraph in Plaintiffs' SAC contains Plaintiffs' characterization of this lawsuit, which requires no response. To the extent that a response is required, Revolution Wind denies the allegations in this paragraph.

The third unnumbered paragraph in Plaintiffs' SAC is denied.

The fourth unnumbered paragraph in Plaintiffs' SAC contains Plaintiffs' characterization of this lawsuit, which requires no response. To the extent that a response is required, Revolution Wind denies the allegations in this paragraph.

## PARTIES

1.    Paragraph 1 contains Plaintiff Green Oceans' description of itself, which requires no response. To the extent that a response is required to this characterization, Revolution Wind denies the allegations in Paragraph 1. Revolution Wind further denies that Green Oceans or its members have been injured by the Bureau of Ocean Energy Management's ("BOEM") approval of the Project.

2.    Paragraph 2 contains Plaintiff Responsible Offshore Development Alliance's description of itself, which requires no response. To the extent that a response is required to this characterization, Revolution Wind denies the allegations in Paragraph 2. Revolution Wind further denies that Responsible Offshore Development Alliance or its members have been injured by BOEM's approval of the Project.

3.      Paragraph 3 contains Plaintiff Save Right Whales Coalition's description of itself, which requires no response.  To the extent that a response is required to this characterization, Revolution Wind denies the allegations in Paragraph 3.  Revolution Wind further denies that Save Right Whales Coalition or its members have been injured by BOEM's approval of the Project.

4.      Paragraph 4 contains Plaintiff New England Fishermen's Stewardship Association's description of itself, which requires no response.  To the extent that a response is required to this characterization, Revolution Wind denies the allegations in Paragraph 4. Revolution Wind further denies that New England Fishermen's Stewardship Association or its members have been injured by BOEM's approval of the Project.

5.      Paragraph 5 contains Plaintiff Bat World Sanctuary's description of itself, which requires no response.  To the extent that a response is required, Revolution Wind denies the allegations in Paragraph 5.

6.      Paragraph 6 contains Plaintiff ACK for Whales' description of itself, which requires no response.  To the extent that a response is required to this characterization, Revolution Wind denies the allegations in Paragraph 6.  Revolution Wind further denies that ACK for Whales or its members have been injured by BOEM's approval of the Project.

7.      Paragraph 7 contains Plaintiff Chris Brown's description of himself, which requires no response.  To the extent that a response is required to this characterization, Revolution Wind denies the allegations in Paragraph 7.  Revolution Wind further denies that Brown has been injured by BOEM's approval of the Project.

8.      Paragraph 8 contains Plaintiff Ralph Craft's description of himself, which requires no response.  To the extent that a response is required to this characterization, Revolution Wind denies the allegations in Paragraph 8.  Revolution Wind further denies that Craft has been injured

by BOEM's approval of the Project.

9.      Paragraph 9 contains Plaintiff Murray Danforth's description of himself, which requires no response.  To the extent that a response is required to this characterization, Revolution Wind denies the allegations in Paragraph 9.  Revolution Wind further denies that Danforth has been injured by BOEM's approval of the Project.

10.      Paragraph 10 contains Plaintiff Rich Hittinger's description of himself, which requires no response.  To the extent that a response is required to this characterization, Revolution Wind denies the allegations in Paragraph 10.  Revolution Wind further denies that Hittinger has been injured by BOEM's approval of the Project.

11.      Paragraph 11 contains Plaintiff Lauren Knight's description of herself, which requires no response.  To the extent that a response is required to this characterization, Revolution Wind denies the allegations in Paragraph 11.  Revolution Wind further denies that Knight has been injured by BOEM's approval of the Project.

12.      Paragraph 12 contains Plaintiff Elizabeth (Lisa) Quattrocki Knight's description of herself, which requires no response.  To the extent that a response is required to this characterization, Revolution Wind denies the allegations in Paragraph 12.  Revolution Wind further denies that Quattrocki Knight has been injured by BOEM's approval of the Project.

13.      Paragraph 13 contains Plaintiff Gary Mataronas' description of himself, which requires no response.  To the extent that a response is required to this characterization, Revolution Wind denies the allegations in Paragraph 13.  Revolution Wind further denies that Mataronas has been injured by BOEM's approval of the Project.

14.      Paragraph 14 contains Plaintiff Eric Philippi's description of himself, which requires no response.  To the extent that a response is required, Revolution Wind denies the

allegations in Paragraph 14.

15.     Paragraph 15 contains Plaintiff Benjamin Riggs' description of himself, which requires no response.  To the extent that a response is required to this characterization, Revolution Wind denies the allegations in Paragraph 15.  Revolution Wind further denies that Riggs has been injured by BOEM's approval of the Project.

16.     Paragraph 16 contains Plaintiff Alan Shinn's description of himself, which requires no response.  To the extent that a response is required to this characterization, Revolution Wind denies the allegations in Paragraph 16.  Revolution Wind further denies that Shinn has been injured by BOEM's approval of the Project.

17.     Paragraph 17 contains Plaintiffs Cornwall Lodge LLC, Ledges 66 LLC (Howard G. Cushing III), 226 Ocean Avenue Moonwatch LLC, Richard and Dee Gordon, Kathryn K. and Jerome R. Kirby, Mary Cushing Coleman, Allison Gulbrandsen, and Betsy and Michael Vitton's descriptions of themselves, which requires no response.  To the extent that a response is required, Revolution Wind denies the allegations in Paragraph 17.

18.     Paragraph 18 contains Plaintiff Charlotte DuHamel's description of herself, which requires no response.  To the extent that a response is required, Revolution Wind denies the allegations in Paragraph 18.

19.     Paragraph 19 contains Plaintiffs Doug and Virginia Marzonie, Kristin and Andrew McKee, and Ben and Leigh Carpenter's description of themselves, which requires no response. To the extent that a response is required, Revolution Wind denies the allegations in Paragraph 19.

20.     Paragraph 20 contains Plaintiff Veter et Nova Trust's (Sandra Craig) description of itself, which requires no response.  To the extent that a response is required, Revolution Wind denies the allegations in Paragraph 20.

21.     Paragraph 21 contains Plaintiffs Steven Gewirz and Katrina Hamilton Gewirz's description of themselves, which requires no response.  To the extent that a response is required, Revolution Wind denies the allegations in Paragraph 21.

22.     Paragraph 22 contains Plaintiffs Waves S, LLC, Alumni East Associates, EC Properties, Stephen Lewinstein, Lisa Foley, Pieroni Family Revocable Trust (Michael and Paige Pieroni), Karen Blanchard, and the Panagakis Family Trust's (Randy Panagakis) description of themselves, which requires no response.  To the extent that a response is required, Revolution Wind denies the allegations in Paragraph 22.

23.     Paragraph 23 states legal conclusions, which require no response.  To the extent that a response is required, Revolution Wind denies the allegations in Paragraph 23.

24.     Revolution Wind admits that the United States Department of the Interior is an agency of the federal Government.  The remainder of Paragraph 24 contains Plaintiffs' characterization of the lawsuit, which requires no response.  To the extent that a response is required, Revolution Wind denies the allegations in Paragraph 24.

25.     Paragraph 25 is denied.

26.     Revolution Wind admits that BOEM is a federal agency within the Department of the Interior.  The remainder of Paragraph 26 contains Plaintiffs' characterization of the lawsuit, which requires no response.  To the extent that a response is required, Revolution Wind denies the allegations in Paragraph 26.

27.     Paragraph 27 is denied.

28.     Revolution Wind admits that the National Marine Fisheries Service ("NMFS") is a federal agency within the National Oceanic and Atmospheric Administration ("NOAA").  The remainder of Paragraph 28 contains Plaintiffs' characterization of the lawsuit, which requires no

response.  To the extent that a response is required, Revolution Wind denies the allegations in Paragraph 28.

29.    Paragraph 29 is denied.

30.    Revolution Wind admits that the United States Army Corps of Engineers (the "Corps") is a division of the United States Department of the Army.  The remainder of Paragraph 30 contains Plaintiffs' characterization of the lawsuit, which requires no response.  To the extent that a response is required, Revolution Wind denies the allegations in Paragraph 30.

31.    Paragraph 31 is denied.

## JURISDICTION AND VENUE

32.    Paragraph 32 states legal conclusions, which require no response.  To the extent that a response is required, Revolution Wind denies the allegations in Paragraph 32.

33.    Paragraph 33 states legal conclusions, which require no response.  To the extent that a response is required, Revolution Wind denies the allegations in Paragraph 33.

34.    Paragraph 34 states legal conclusions, which require no response.  To the extent that a response is required, Revolution Wind denies the allegations in Paragraph 34.

35.    Paragraph 35 is denied.

36.    Paragraph 36 states legal conclusions, which require no response.  To the extent that a response is required, Revolution Wind denies the allegations in Paragraph 36.

## STATEMENT OF FACTS

37.    Paragraph 37 purports to summarize and quote a Rhode Island government website, which requires no response.  To the extent that a response is required, the website speaks for itself and is the best evidence of its content.  Revolution Wind denies any allegations in Paragraph 37 that are inconsistent with the plain language of the website.

38.    Paragraph 38 purports to summarize reports, which requires no response.  To the

extent that a response is required, the reports speak for themselves and are the best evidence of their content.  Revolution Wind denies any allegations in Paragraph 38 that are inconsistent with the plain language of the reports.

39.    Paragraph 39 purports to summarize and characterize a report, which requires no response.  To the extent that a response is required, the report speaks for itself and is the best evidence of its content.  Revolution Wind denies any allegations in Paragraph 39 that are inconsistent with the plain language of the report.

40.    Paragraph 40 purports to summarize and characterize a report, which requires no response.  To the extent that a response is required, the report speaks for itself and is the best evidence of its content.  Revolution Wind denies any allegations in Paragraph 40 that are inconsistent with the plain language of the report.

41.    The first five sentences of Paragraph 41 purport to summarize and quote the Revolution Wind Project Final Environmental Impact Statement ("FEIS") and agency and public comments on the Draft Environmental Impact Statement ("DEIS"), which requires no response. To the extent that a response is required, these documents speak for themselves and are the best evidence of their content.  The sixth and final sentence of Paragraph 42 purports to summarize a report, which requires no response.  To the extent that a response is required, the report speaks for itself and is the best evidence of its content.  Revolution Wind denies any allegations in Paragraph 41 that are inconsistent with the plain language of the FEIS or the report.

42.    Paragraph 42 purports to summarize habitat designations and the Federal Register, which require no response.  To the extent that a response is required, the habitat designations and Federal Register speak for themselves and are the best evidence of their content.  Revolution Wind denies any allegations in Paragraph 42 that are inconsistent with the plain language of the habitat

designations and the Federal Register.

43.    The first sentence of Paragraph 43 is denied.  The second sentence of Paragraph 43 purports to summarize and quote a regulation, which requires no response.  To the extent that a response is required, the regulation speaks for itself and is the best evidence of its content.  Revolution Wind denies any allegations in Paragraph 43 that are inconsistent with the plain language of the regulation.

44.    Paragraph 44 purports to summarize Endangered Species Act ("ESA") listings, which requires no response.  To the extent that a response is required, the ESA listings speak for themselves and are the best evidence of their content.  Revolution Wind denies any allegations in Paragraph 44 that are inconsistent with the plain language of the ESA listings.

45.    Paragraph 45 purports to summarize Department of the Interior designations and recognitions, which requires no response.  To the extent that a response is required, the Department of the Interior documents speak for themselves and are the best evidence of their content.  Revolution Wind denies any allegations in Paragraph 45 that are inconsistent with the plain language of those documents.

46.    Paragraph 46 purports to paraphrase and quote a statute and a previous court decision, which requires no response.  To the extent that a response is required, the statute and the decision speak for themselves and are the best evidence of their content.  Revolution Wind denies any allegations in Paragraph 46 that are inconsistent with the plain language of the statute and the decision.

47.    Paragraph 47 purports to paraphrase and quote a statute and the Federal Register, which requires no response.  To the extent that a response is required, the statute and the Federal Register speak for themselves and are the best evidence of their content.  Revolution Wind denies

any allegations in Paragraph 47 that are inconsistent with the plain language of the statute and the Federal Register.

48.    Paragraph 48 contains Plaintiffs' characterization of and quotes the Department of the Interior's 2007 "Programmatic Environmental Impact Statement for Alternative Energy Development and Production and Alternate Use of Facilities on the Outer Continental Shelf" (the "Programmatic EIS"), which requires no response. To the extent that a response is required, the Programmatic EIS speaks for itself and is the best evidence of its content. Revolution Wind denies any allegations in Paragraph 48 that are inconsistent with the plain language of the Programmatic EIS.

49.    Paragraph 49 contains Plaintiffs' characterization of the Programmatic EIS, which requires no response. To the extent that a response is required, the Programmatic EIS speaks for itself and is the best evidence of its content. Revolution Wind denies any allegations in Paragraph 49 that are inconsistent with the plain language of the Programmatic EIS.

50.    Paragraph 50 purports to summarize and quote a press release and contains Plaintiffs' characterization of amendments to offshore wind energy leasing regulations, which requires no response. To the extent that a response is required, the press release and the regulations speak for themselves and are the best evidence of their content. Revolution Wind denies any allegations in Paragraph 50 that are inconsistent with the plain language of the press release and the regulations.

51.    Paragraph 51 purports to characterize and summarize an Environmental Assessment, which requires no response. To the extent that a response is required, the Environmental Assessment speaks for itself and is the best evidence of its content. Revolution Wind denies any allegations in Paragraph 51 that are inconsistent with the plain language of the

Environmental Assessment.

52.     Revolution Wind admits that BOEM and Deepwater Wind New England LLC executed Renewable Energy Lease Number OCS-A 0486 effective October 1, 2013.  The remainder of Paragraph 52 is denied.

53.     Revolution Wind admits that Ørsted acquired Deepwater Wind in 2018.   The remainder of Paragraph 53 is denied.

54.     Revolution Wind admits that BOEM approved a lease segregation of Lease Number OCS-A 0486 in 2020, that 83,798 acres were retained with Lease Number OCS-A 0486, and that 13,700 acres were assigned to Lease Number OCS-A 0517.   The remainder of Paragraph 54 is denied.

55.     Revolution Wind admits that at one time Revolution Wind was indirectly owned in equal parts by Ørsted and Eversource Energy.  The remainder of Paragraph 55 is denied.

56.     Revolution Wind admits that in 2018 and 2019, Revolution Wind executed five power purchase agreements ("PPAs") with Connecticut and Rhode Island utilities, and these PPAs were approved by the respective state public utility commissions.

57.     Revolution Wind admits that in 2020, following the lease segregation and the assignment to Deepwater Wind Revolution 1, LLC, Deepwater Wind Revolution 1, LLC changed its name to Revolution Wind, LLC.

58.     Revolution Wind admits that Revolution Wind submitted a Construction and Operations Plan in March 2020 and revised it several times in 2021, 2022, and 2023.

59.     Paragraph 59 purports to characterize BOEM's notices, which requires no response. To the extent that a response is required, the notices (including any corrections thereof) speak for themselves and are the best evidence of their content.  Revolution Wind denies any allegations in

Paragraph 59 that are inconsistent with the plain language of the notices.

60.     Revolution Wind admits that BOEM published in the Federal Register a notice of availability of the Revolution Wind Project DEIS for public review and comment on September 2, 2022.

61.     Paragraph 61 purports to characterize NMFS's Biological Opinion ("BiOp") for the Revolution Wind Project, which requires no response.  To the extent that a response is required, the BiOp speaks for itself and is the best evidence of its content.  Revolution Wind denies any allegations in Paragraph 61 that are inconsistent with the plain language of the BiOp.

62.     Revolution Wind admits that the Revolution Wind Project FEIS was released in July 2023 and that the Notice of Availability of the Revolution Wind Project FEIS was published in the Federal Register on July 21, 2023.

63.     Paragraph 63 purports to characterize the Record of Decision ("ROD") for the Revolution Wind Project, which requires no response.  To the extent that a response is required, the ROD speaks for itself and is the best evidence of its content.  Revolution Wind denies any allegations in Paragraph 63 that are inconsistent with the plain language of the ROD.

## FIRST CAUSE OF ACTION

64.     Revolution Wind incorporates its responses to previous allegations as if set forth herein.

65.     Paragraph 65 purports to paraphrase and quote a statute, which requires no response.  To the extent that a response is required, the statute speaks for itself and is the best evidence of its content.  Revolution Wind denies any allegations in Paragraph 65 that are inconsistent with the plain language of the statute.

66.     Paragraph 66 purports to paraphrase and quote a previous court decision, which requires no response.  To the extent that a response is required, the court decision in that case

speaks for itself and is the best evidence of its content. Revolution Wind denies any allegations in Paragraph 66 that are inconsistent with the plain language of the decision.

67.      Paragraph 67 is denied.

68.      Paragraph 68 is denied.

69.      Paragraph 69 is denied.

## SECOND CAUSE OF ACTION

70.      Paragraph 70 is denied.

71.      Revolution Wind incorporates its responses to previous allegations as if set forth herein.

72.      Paragraph 72 purports to paraphrase and quote a statute, which requires no response. To the extent that a response is required, the statute speaks for itself and is the best evidence of its content. Revolution Wind denies any allegations in Paragraph 72 that are inconsistent with the plain language of the statute.

73.      The first sentence of Paragraph 73 is denied. The second sentence of Paragraph 73 purports to characterize and quote from the ROD, which requires no response. To the extent that a response is required, the ROD speaks for itself and is the best evidence of its content. Revolution Wind denies any allegations in the second sentence of Paragraph 73 that are inconsistent with the plain language of the ROD. The third sentence of Paragraph 73 is denied.

74.      Paragraph 74 states legal conclusions, or otherwise characterizes a May 1, 2025 Solicitor's Opinion, which otherwise speaks for itself, is the best evidence of its content and does not require a response. To the extent a response is required, the remainder of Paragraph 74 is denied.

75.      The first sentence of Paragraph 75 purports to summarize and quote a statute, which requires no response. To the extent that a response is required, the statute speaks for itself and is

the best evidence of its content.  Revolution Wind denies any allegations in the first sentence of Paragraph 75 that are inconsistent with the plain language of the statute.  The second sentence of Paragraph 75 purports to characterize the Revolution Wind Project FEIS, which requires no response.  To the extent that a response is required, the FEIS speaks for itself and is the best evidence of its content.  Revolution Wind denies any allegations in the second sentence of Paragraph 75 that are inconsistent with the plain language of the FEIS, including that BOEM failed to ensure safety.

76.    Revolution Wind admits that the Project consists of up to 65 wind turbine generators ("WTGs").  The remaining allegations in Paragraph 76 purport to characterize the Revolution Wind Project FEIS and two reports of the National Academies of Sciences, Engineering and Medicine and the U.S. Naval Institute, which require no response.  To the extent a response is required, the FEIS and the reports speak for themselves and are the best evidence of their content.  Revolution Wind denies any allegations in Paragraph 76 that are inconsistent with the plain language of the FEIS and the reports.  Revolution Wind further denies any allegations based on the declaration of L. Knight.

77.    Paragraph 77 is denied.

78.    Paragraph 78 is denied.

79.    Paragraph 79 is denied.

80.    Paragraph 80 is denied.

81.    Paragraph 81 is denied.

82.    Paragraph 82 is denied.

83.    The first sentence of Paragraph 83 purports to characterize and quote a statute.  To the extent that a response is required, the statute speaks for itself and is the best evidence of its

content. Revolution Wind denies any allegations in the first sentence of Paragraph 83 that are inconsistent with the plain language of the statute. The remainder of Paragraph 83 purports to characterize, summarize or quote NOAA's Revolution Wind Essential Fish Habitat Consultation, the Federal Register, the Revolution Wind Project FEIS and a comment thereto, two articles, an article in the ICES Journal of Marine Science, and a BOEM report, which requires no response. To the extent that a response is required, these documents speak for themselves and are the best evidence of their content. Revolution Wind denies any allegations in Paragraph 83 that are inconsistent with the plain language of these documents. Revolution Wind denies any remaining allegations in this paragraph.

84.    Paragraph 84 is denied.

85.    Paragraph 85 is denied.

86.    Paragraph 86 is denied.

87.    Paragraph 87 is denied.

88.    Paragraph 88 is denied.

89.    The first sentence of Paragraph 89 purports to characterize and quote  a statute, which requires no response. To the extent that a response is required, the statute speaks for itself and is the best evidence of its content. Revolution Wind denies any allegations in the first sentence of Paragraph 89 that are inconsistent with the plain language of the statute. Revolution Wind denies any remaining allegations in Paragraph 89.

90.    The first sentence of Paragraph 90 purports to characterize the Revolution Wind Project FEIS, which requires no response. To the extent that a response is required, the FEIS speaks for itself and is the best evidence of its content. Revolution Wind denies any allegations in the first sentence of Paragraph 90 that are inconsistent with the plain language of the FEIS.

Revolution Wind denies any remaining allegations in Paragraph 90.

91.     Paragraph 91 is denied.

92.     Paragraph 92 is denied.

93.     Paragraph 93 is denied.

94.     Paragraph 94 is denied.

95.     Paragraph 95 is denied.

96.     Paragraph 96 is denied.

97.     The first sentence of Paragraph 97 purports to characterize and quote a statute, which requires no response. To the extent that a response is required, the statute speaks for itself and is the best evidence of its content. Revolution Wind denies any allegations in the first sentence of Paragraph 97 that are inconsistent with the plain language of the statute. Revolution Wind denies the second and third sentences of Paragraph 97. The remainder of Paragraph 97 states legal conclusions, which do not require a response. To the extent a response is required, the remainder of Paragraph 97 is denied.

98.     Paragraph 98 purports to characterize the Revolution Wind Project FEIS and the Federal Register, which requires no response. To the extent that a response is required, the FEIS and the Federal Register speak for themselves and are the best evidence of their contents. Revolution Wind denies any allegations in Paragraph 98 that are inconsistent with the plain language of the FEIS and the Federal Register.

99.     Paragraph 99 purports to quote and summarize the Revolution Wind Project FEIS and to summarize NOAA's Revolution Wind Essential Fish Habitat Consultation, which requires no response. To the extent that a response is required, the FEIS and the Revolution Wind Essential Fish Habitat Consultation speak for themselves and are the best evidence of their content.

Revolution Wind denies any allegations in Paragraph 99 that are inconsistent with the plain language of the FEIS and the Revolution Wind Essential Fish Habitat Consultation.

100.    Paragraph 100 is denied.

101.    Paragraph 101 is denied.

102.    Paragraph 102 is denied.

103.    Paragraph 103 is denied.

104.    Paragraph 104 is denied.

**THIRD CAUSE OF ACTION**

105.    Revolution Wind incorporates its responses to previous allegations as if set forth herein.

106.    Paragraph 106 purports to quote and paraphrase a statute, regulation, and previous court decisions, which requires no response.  To the extent that a response is required, the statute, regulations, and court decisions in those cases speak for themselves and are the best evidence of their content.  Revolution Wind denies any allegations in Paragraph 106 that are inconsistent with the plain language of the statute, regulation, and court decisions in those cases.

107.    Paragraph 107 purports to paraphrase a statute, which requires no response.  To the extent that a response is required, the statute speaks for itself and is the best evidence of its content.  Revolution Wind denies any allegations in Paragraph 107 that are inconsistent with the plain language of the statute.

108.    Paragraph 108 purports to paraphrase previous court decisions, which requires no response.  To the extent that a response is required, the court decisions in those cases speak for themselves and are the best evidence of their content.  Revolution Wind denies any allegations in Paragraph 108 that are inconsistent with the plain language of the court decisions in those cases.

109.    Paragraph 109 purports to paraphrase regulations, which requires no response.  To the extent that a response is required, the regulations speak for themselves and are the best evidence of their content.  Revolution Wind denies any allegations in Paragraph 109 that are inconsistent with the plain language of the regulations.

110.    Paragraph 110 purports to paraphrase a regulation, which requires no response.  To the extent that a response is required, the regulation speaks for itself and is the best evidence of its content.  Revolution Wind denies any allegations in Paragraph 110 that are inconsistent with the plain language of the regulation.

111.    Paragraph 111 purports to paraphrase a fact sheet, which requires no response.  To the extent that a response is required, the fact sheet speaks for itself and is the best evidence of its content.  Revolution Wind denies any allegations in Paragraph 111 that are inconsistent with the plain language of the fact sheet.

112.    Paragraph 112 purports to paraphrase a document, which requires no response.  To the extent that a response is required, the document speaks for itself and is the best evidence of its content.  Revolution Wind denies any allegations in Paragraph 112 that are inconsistent with the plain language of the document.

113.    Paragraph 113 is denied.

114.    Paragraph 114 purports to paraphrase regulations, which requires no response.  To the extent that a response is required, the regulations speak for themselves and are the best evidence of their content.  Revolution Wind denies any allegations in Paragraph 114 that are inconsistent with the plain language of the regulations.

115.    Paragraph 115 purports to quote and paraphrase a regulation and the ROD, which requires no response.  To the extent that a response is required, the regulation and the ROD speak

for themselves and are the best evidence of their content.  Revolution Wind denies any allegations in Paragraph 115 that are inconsistent with the plain language of the regulation and the ROD.

116.    Paragraph 116 is denied.

117.    Paragraph 117 is denied.

118.    Paragraph 118 purports to paraphrase and quote a statute and a regulation, which requires no response.  To the extent that a response is required, the statute and regulation speak for themselves and is the best evidence of their content.  Revolution Wind denies any allegations in Paragraph 118 that are inconsistent with the plain language of the statute and regulation.

119.    Paragraph 119 contains Plaintiffs' characterization of the Revolution Wind Project FEIS, which requires no response.  To the extent that a response is required, the FEIS speaks for itself and is the best evidence of its content. Revolution Wind denies any allegations in Paragraph 119 that are inconsistent with the plain language of the FEIS.

120.    Paragraph 120 is denied.

121.    Paragraph 121 is denied.

122.    Paragraph 122 is denied.

123.    Paragraph 123 is denied.

124.    Paragraph 124 is denied.

125.    Paragraph 125 is denied.

126.    Paragraph 126 is denied.

127.    Paragraph 127 is denied.

128.    Paragraph 128 is denied.

129.    Paragraph 129 is denied.

130.    Paragraph 130 is denied.

131.    Paragraph 131 is denied.

132.    Paragraph 132 is denied.

133.    Paragraph 133 is denied.

134.    Paragraph 134 is denied.

135.    The allegations in Paragraph 135 are unduly vague and, on that basis, Revolution Wind denies the same.

136.    Paragraph 136 contains Plaintiffs' characterization of the Revolution Wind Project FEIS, which requires no response.  To the extent that a response is required, the FEIS speaks for itself and is the best evidence of its content.  Revolution Wind denies any allegations in Paragraph 136 that are inconsistent with the plain language of the FEIS.

137.    The allegations in Paragraph 137 are unduly vague and, on that basis, Revolution Wind denies the same.

138.    Paragraph 138 is denied.

### FOURTH CAUSE OF ACTION

139.    Revolution Wind incorporates its responses to previous allegations as if set forth herein.

140.    Paragraph 140 purports to quote and paraphrase a statute and a previous court decision, which requires no response.  To the extent that a response is required, the statute and the court decision in that case speak for themselves and are the best evidence of their content.  Revolution Wind denies any allegations in Paragraph 140 that are inconsistent with the plain language of the statute and the court decision in that case.

141.    Paragraph 141 purports to paraphrase a statute, which requires no response.  To the extent that a response is required, the statute speaks for itself and is the best evidence of its content.

Revolution Wind denies any allegations in Paragraph 141 that are inconsistent with the plain language of the statute.

142.    Paragraph 142 purports to quote a previous court decision, which requires no response.  To the extent that a response is required, the court decision in that case speaks for itself and is the best evidence of its content.  Revolution Wind denies any allegations in Paragraph 142 that are inconsistent with the plain language of the court decision in that case.

143.    Paragraph 143 purports to quote a statute and regulations, which requires no response.  To the extent that a response is required, the statute and regulations speak for themselves and are the best evidence of their content.  Revolution Wind denies any allegations in Paragraph 143 that are inconsistent with the plain language of the statute and regulations.

144.    Paragraph 144 purports to paraphrase a statute, which requires no response.  To the extent that a response is required, the statute speaks for itself and is the best evidence of its content.  Revolution Wind denies any allegations in Paragraph 144 that are inconsistent with the plain language of the statute.

145.    Paragraph 145 purports to paraphrase a statute, which requires no response.  To the extent that a response is required, the statute speaks for itself and is the best evidence of its content.  Revolution Wind denies any allegations in Paragraph 145 that are inconsistent with the plain language of the statute.

146.    Paragraph 146 purports to paraphrase the BiOp for the Revolution Wind Project and various other documents, which requires no response.  To the extent that a response is required, the BiOp and documents speak for themselves and are the best evidence of their content.  Revolution Wind denies any allegations in Paragraph 146 that are inconsistent with the plain language of the BiOp and documents.

147.    Paragraph 147 purports to paraphrase a document, which requires no response.  To the extent that a response is required, the document speaks for itself and is the best evidence of its content.  Revolution Wind denies any allegations in Paragraph 147 that are inconsistent with the plain language of the document.

148.    Paragraph 148 purports to paraphrase the BiOp for the Revolution Wind Project and various other documents, which requires no response.  To the extent that a response is required, the BiOp and documents speak for themselves and are the best evidence of their content.  Revolution Wind denies any allegations in Paragraph 148 that are inconsistent with the plain language of the BiOp and documents.

149.    Paragraph 149 is denied.

150.    Paragraph 150 purports to paraphrase and quote documents, which requires no response.  To the extent that a response is required, the documents speak for themselves and are the best evidence of their content.  Revolution Wind denies any allegations in Paragraph 150 that are inconsistent with the plain language of the documents.

151.    Paragraph 151 purports to paraphrase a document, which requires no response.  To the extent that a response is required, the document speaks for itself and is the best evidence of its content.  Revolution Wind denies any allegations in Paragraph 151 that are inconsistent with the plain language of the document.

152.    Paragraph 152 purports to paraphrase the BiOp for the Revolution Wind Project, a BOEM and NOAA document, and an article, which requires no response.  To the extent that a response is required, the BiOp, BOEM and NOAA document, and article speak for themselves and are the best evidence of their content.  Revolution Wind denies any allegations in Paragraph 152 that are inconsistent with the plain language of the BiOp, BOEM and NOAA document, and article.

153.    Paragraph 153 purports to characterize the BiOp for the Revolution Wind Project, which requires no response.  To the extent that a response is required, the BiOp speaks for itself and is the best evidence of its content.  Revolution Wind denies any allegations in Paragraph 153 that are inconsistent with the plain language of the BiOp.

154.    Paragraph 154 purports to paraphrase a BOEM and NOAA document, which requires no response.  To the extent that a response is required, the BOEM and NOAA document speaks for itself and is the best evidence of its content.  Revolution Wind denies any allegations in Paragraph 154 that are inconsistent with the plain language of the BOEM and NOAA document.

155.    Paragraph 155 purports to paraphrase a BOEM and NOAA document, which requires no response.  To the extent that a response is required, the BOEM and NOAA document speaks for itself and is the best evidence of its content.  Revolution Wind denies any allegations in Paragraph 155 that are inconsistent with the plain language of the BOEM and NOAA document.

156.    Paragraph 156 purports to characterize the BiOp for the Revolution Wind Project, which requires no response.  To the extent that a response is required, the BiOp speaks for itself and is the best evidence of its content.  Revolution Wind denies any allegations in Paragraph 156 that are inconsistent with the plain language of the BiOp.

157.    Paragraph 157 purports to paraphrase the BiOp for the Revolution Wind Project and regulations, which requires no response.  To the extent that a response is required, the BiOp and regulations speak for themselves and are the best evidence of their content.  Revolution Wind denies any allegations in Paragraph 157 that are inconsistent with the plain language of the BiOp and regulations.

158.    Paragraph 158 purports to paraphrase the BiOp for the Revolution Wind Project and a statute, which requires no response.  To the extent that a response is required, the BiOp and

statute speak for themselves and are the best evidence of their content. Revolution Wind denies any allegations in Paragraph 158 that are inconsistent with the plain language of the BiOp and statute.

159.    Paragraph 159 purports to characterize and quote a letter, which requires no response. To the extent that a response is required, the letter speaks for itself and is the best evidence of its content. Revolution Wind denies any allegations in Paragraph 159 that are inconsistent with the plain language of the letter.

160.    Paragraph 160 purports to characterize and quote a letter, which requires no response. To the extent that a response is required, the letter speaks for itself and is the best evidence of its content. Revolution Wind denies any allegations in Paragraph 160 that are inconsistent with the plain language of the letter.

161.    Paragraph 161 purports to characterize the BiOp for the Revolution Wind Project, which requires no response. To the extent that a response is required, the BiOp speaks for itself and is the best evidence of its content. Revolution Wind denies any allegations in Paragraph 161 that are inconsistent with the plain language of the BiOp.

162.    Paragraph 162 purports to characterize the BiOp for the Revolution Wind Project, which requires no response. To the extent that a response is required, the BiOp speaks for itself and is the best evidence of its content. Revolution Wind denies any allegations in Paragraph 162 that are inconsistent with the plain language of the BiOp.

163.    Paragraph 163 purports to characterize the Federal Register and a petition, which requires no response. To the extent that a response is required, the Federal Register and petition speak for themselves and are the best evidence of their content. Revolution Wind denies any allegations in Paragraph 163 that are inconsistent with the plain language of the Federal Register

and petition.

164.    Paragraph 164 is denied.

165.    Paragraph 165 purports to paraphrase a regulation, which requires no response.  To the extent that a response is required, the regulation speaks for itself and is the best evidence of its content.  Revolution Wind denies any allegations in Paragraph 165 that are inconsistent with the plain language of the regulation.

166.    Paragraph 166 is denied.

167.    Paragraph 167 is denied.

168.    Paragraph 168 purports to paraphrase the BiOp for the Revolution Wind Project and a study, which requires no response.  To the extent that a response is required, the BiOp and study speak for themselves and are the best evidence of their content.  Revolution Wind denies any allegations in Paragraph 168 that are inconsistent with the plain language of the BiOp and study.

169.    Paragraph 169 purports to paraphrase the BiOp for the Revolution Wind Project and a document, which requires no response.  To the extent that a response is required, the BiOp and document speak for themselves and are the best evidence of their content.  Revolution Wind denies any allegations in Paragraph 169 that are inconsistent with the plain language of the BiOp and document.

170.    Paragraph 170 is denied.

### FIFTH CAUSE OF ACTION

171.    Revolution Wind incorporates its responses to previous allegations as if set forth herein.

172.    Paragraph 172 purports to paraphrase a statute, which requires no response.  To the extent that a response is required, the statute speaks for itself and is the best evidence of its content.

Revolution Wind denies any allegations in Paragraph 172 that are inconsistent with the plain language of the statute.

173.    Paragraph 173 purports to paraphrase a statute, which requires no response.  To the extent that a response is required, the statute speaks for itself and is the best evidence of its content. Revolution Wind denies any allegations in Paragraph 173 that are inconsistent with the plain language of the statute.

174.    Paragraph 174 purports to paraphrase a statute, which requires no response.  To the extent that a response is required, the statute speaks for itself and is the best evidence of its content. Revolution Wind denies any allegations in Paragraph 174 that are inconsistent with the plain language of the statute.

175.    Paragraph 175 purports to paraphrase and quote a regulation, which requires no response.  To the extent that a response is required, the regulation speaks for itself and is the best evidence of its content.  Revolution Wind denies any allegations in Paragraph 175 that are inconsistent with the plain language of the regulation.

176.    Paragraph 176 purports to paraphrase the Federal Register, which requires no response.  To the extent that a response is required, the Federal Register speaks for itself and is the best evidence of its content.  Revolution Wind denies any allegations in Paragraph 176 that are inconsistent with the plain language of the Federal Register.

177.    Paragraph 177 purports to paraphrase a statute, which requires no response.  To the extent that a response is required, the statute speaks for itself and is the best evidence of its content. Revolution Wind denies any allegations in Paragraph 177 that are inconsistent with the plain language of the statute.

178.    Paragraph 178 purports to paraphrase the ROD, Incidental Take Regulations ("ITR"), and Letter of Authorization ("LOA") for the Revolution Wind Project, which requires no response.  To the extent that a response is required, the BiOp, ITR, and LOA speak for themselves and are the best evidence of their content.  Revolution Wind denies any allegations in Paragraph 178 that are inconsistent with the plain language of the BiOp, ITR, and LOA.

179.    Paragraph 179 purports to paraphrase the ITR and LOA for the Revolution Wind Project, which requires no response.  To the extent that a response is required, the ITR and LOA speak for themselves and are the best evidence of their content.  Revolution Wind denies any allegations in Paragraph 179 that are inconsistent with the plain language of the ITR and LOA.

180.    Paragraph 180 is denied.

181.    Paragraph 181 contains Plaintiffs' characterization of the Revolution Wind Project FEIS, which requires no response.  To the extent that a response is required, the FEIS speaks for itself and is the best evidence of its content.  Revolution Wind denies any allegations in Paragraph 181 that are inconsistent with the plain language of the FEIS.

182.    Paragraph 182 purports to paraphrase a statute and documents, which requires no response.  To the extent that a response is required, the statute and documents speak for themselves and are the best evidence of their content.  Revolution Wind denies any allegations in Paragraph 182 that are inconsistent with the plain language of the statute and documents.

183.    Paragraph 183 is denied.

184.    Paragraph 184 is denied.

185.    Paragraph 185 purports to paraphrase an article, which requires no response.  To the extent that a response is required, the article speaks for itself and is the best evidence of its

content.  Revolution Wind denies any allegations in Paragraph 185 that are inconsistent with the plain language of the article.

186.    Paragraph 186 purports to paraphrase the ITR for the Revolution Wind Project and articles, which requires no response.  To the extent that a response is required, the ITR and articles speak for themselves and are the best evidence of their content.  Revolution Wind denies any allegations in Paragraph 186 that are inconsistent with the plain language of the ITR and articles.

187.    Paragraph 187 is denied.

188.    Paragraph 188 purports to paraphrase the Federal Register and articles, which requires no response.  To the extent that a response is required, the Federal Register and articles speak for themselves and are the best evidence of their content.  Revolution Wind denies any allegations in Paragraph 188 that are inconsistent with the plain language of the Federal Register and articles.

189.    Paragraph 189 is denied.

190.    Paragraph 190 is denied.

191.    Paragraph 191 is denied.

### SIXTH CAUSE OF ACTION

192.    Revolution Wind incorporates its responses to previous allegations as if set forth herein.

193.    Paragraph 193 purports to paraphrase a statute, which requires no response.  To the extent that a response is required, the statute speaks for itself and is the best evidence of its content.  Revolution Wind denies any allegations in Paragraph 193 that are inconsistent with the plain language of the statute.

194.    Paragraph 194 contains Plaintiffs' characterization of the Revolution Wind Project FEIS, which requires no response.  To the extent that a response is required, the FEIS speaks for

itself and is the best evidence of its content. Revolution Wind denies any allegations in Paragraph 194 that are inconsistent with the plain language of the FEIS.

195.    Paragraph 195 is denied.

196.    Paragraph 196 is denied.

## SEVENTH CAUSE OF ACTION

197.    Revolution Wind incorporates its responses to previous allegations as if set forth herein.

198.    Paragraph 198 purports to paraphrase and quote statutes and regulations which requires no response. To the extent that a response is required, the statutes and regulations speak for themselves and are the best evidence of their content. Revolution Wind denies any allegations in Paragraph 198 that are inconsistent with the plain language of the statutes and regulations.

199.    Paragraph 199 purports to paraphrase a previous court decision, which requires no response. To the extent that a response is required, the court decision in that case speaks for itself and is the best evidence of its content. Revolution Wind denies any allegations in Paragraph 199 that are inconsistent with the plain language of the court decision in that case.

200.    Paragraph 200 is denied.

201.    Paragraph 201 contains Plaintiffs' characterization of a permit for the Revolution Wind Project, which requires no response. To the extent that a response is required, the permit speaks for itself and is the best evidence of its content. Revolution Wind denies any allegations in Paragraph 201 that are inconsistent with the plain language of the permit.

202.    The first sentence of Paragraph 202 purports to paraphrase and quote statutes, which requires no response. To the extent that a response is required, the statutes speak for themselves and are the best evidence of their content. Revolution Wind denies any allegations in

Paragraph 202 that are inconsistent with the plain language of the statutes. The second sentence of Paragraph 202 states a legal conclusion, which requires no response. To the extent that a response is required, Revolution Wind denies the allegations in Paragraph 202.

203.    Paragraph 203 contains Plaintiffs' characterization of a permit for the Revolution Wind Project, which requires no response. To the extent that a response is required, the permit speaks for itself and is the best evidence of its content. Revolution Wind denies any allegations in Paragraph 203 that are inconsistent with the plain language of the permit.

204.    Paragraph 204 is denied.

205.    Paragraph 205 is denied.

206.    Paragraph 206 purports to paraphrase and quote regulations and the ROD for the Revolution Wind Project, which requires no response. To the extent that a response is required, the regulations and ROD speak for themselves and are the best evidence of their content. Revolution Wind denies any allegations in Paragraph 206 that are inconsistent with the plain language of the regulations and ROD.

207.    Paragraph 207 purports to paraphrase a regulation, which requires no response. To the extent that a response is required, the regulation speaks for itself and is the best evidence of its content. Revolution Wind denies any allegations in Paragraph 207 that are inconsistent with the plain language of the regulation.

208.    Paragraph 208 purports to characterize a press release, which requires no response. To the extent that a response is required, the press release speaks for itself and is the best evidence of its content. Revolution Wind denies any allegations in Paragraph 208 that are inconsistent with the plain language of the press release.

209.    Paragraph 209 is denied.

210.    Paragraph 210 purports to quote and paraphrase a regulation, which requires no response.  To the extent that a response is required, the regulation speaks for itself and is the best evidence of its content.  Revolution Wind denies any allegations in Paragraph 210 that are inconsistent with the plain language of the regulation.

211.    Paragraph 211 purports to characterize the ROD for the Revolution Wind Project, which requires no response.  To the extent that a response is required, the ROD speaks for itself and is the best evidence of its content.  Revolution Wind denies any allegations in Paragraph 211 that are inconsistent with the plain language of the ROD.

212.    Paragraph 212 purports to characterize an application for the Revolution Wind Project, which requires no response.  To the extent that a response is required, the application speaks for itself and is the best evidence of its content.  Revolution Wind denies any allegations in Paragraph 212 that are inconsistent with the plain language of the application.

213.    Paragraph 213 is denied.

214.    Paragraph 214 purports to paraphrase regulations, which requires no response.  To the extent that a response is required, the regulations speak for themselves and are the best evidence of their content.  Revolution Wind denies any allegations in Paragraph 214 that are inconsistent with the plain language of the regulations.

215.    Paragraph 215 purports to paraphrase a regulation, which requires no response.  To the extent that a response is required, the regulation speaks for itself and is the best evidence of its content.  Revolution Wind denies any allegations in Paragraph 215 that are inconsistent with the plain language of the regulation.

216.    Paragraph 216 is denied.

217.    Paragraph 217 is denied.

218.    Paragraph 218 purports to paraphrase a regulation, which requires no response.  To the extent that a response is required, the regulation speaks for itself and is the best evidence of its content.  Revolution Wind denies any allegations in Paragraph 218 that are inconsistent with the plain language of the regulation.

219.    Paragraph 219 purports to paraphrase a previous court decision, which requires no response.  To the extent that a response is required, the court decision in that case speaks for itself and is the best evidence of its content.  Revolution Wind denies any allegations in Paragraph 219 that are inconsistent with the plain language of the court decision in that case.

220.    Paragraph 220 contains Plaintiffs' characterization of the Revolution Wind Project FEIS, which requires no response.  To the extent that a response is required, the FEIS speaks for itself and is the best evidence of its content.  Revolution Wind denies any allegations in Paragraph 220 that are inconsistent with the plain language of the FEIS.

221.    Paragraph 221 is denied.

222.    Paragraph 222 purports to quote or paraphrase regulations, which requires no response.  To the extent that a response is required, the regulations speak for themselves and are the best evidence of their content.  Revolution Wind denies any allegations in Paragraph 222 that are inconsistent with the plain language of the regulations.

223.    Paragraph 223 purports to characterize the ROD for the Revolution Wind Project, which requires no response.  To the extent that a response is required, the ROD speaks for itself and is the best evidence of its content.  Revolution Wind denies any allegations in Paragraph 223 that are inconsistent with the plain language of the ROD.

224.    Paragraph 224 contains Plaintiffs' characterization of the Revolution Wind Project FEIS, which requires no response.  To the extent that a response is required, the FEIS speaks for

itself and is the best evidence of its content.  Revolution Wind denies any allegations in Paragraph 224 that are inconsistent with the plain language of the FEIS.

225.    Paragraph 225 is denied.

### EIGHTH CAUSE OF ACTION

226.    Revolution Wind incorporates its responses to previous allegations as if set forth herein.

227.    The first two sentences of Paragraph 227 purport to quote or paraphrase a statute and regulation, which requires no response.  To the extent that a response is required, the statute and regulation speak for themselves and are the best evidence of their content.  Revolution Wind denies any allegations in the first two sentences of Paragraph 227 that are inconsistent with the plain language of the statute and regulation.  The final sentence of Paragraph 227 states a legal conclusion, which requires no response.  To the extent that a response is required, Revolution Wind denies the allegations in the final sentence of Paragraph 227.

228.    Paragraph 228 purports to paraphrase a state regulation, which requires no response.  To the extent that a response is required, the regulation speaks for itself and is the best evidence of its content.  Revolution Wind denies any allegations in Paragraph 228 that are inconsistent with the plain language of the regulation.

229.    Paragraph 229 purports to paraphrase or quote state regulations, which requires no response.  To the extent that a response is required, the regulations speak for themselves and are the best evidence of their content.  Revolution Wind denies any allegations in Paragraph 229 that are inconsistent with the plain language of the regulations.

230.    Paragraph 230 purports to paraphrase or quote state regulations, which requires no response.  To the extent that a response is required, the regulations speak for themselves and are

the best evidence of their content.  Revolution Wind denies any allegations in Paragraph 230 that are inconsistent with the plain language of the regulations.

231.    Paragraph 231 is denied.

232.    Paragraph 232 is denied.

233.    Paragraph 233 is denied.

## NINTH CAUSE OF ACTION

234.    Revolution Wind incorporates its responses to previous allegations as if set forth herein.

235.    Revolution Wind lacks knowledge or information sufficient to form a belief about the truth of the Plaintiffs' purported ownership of property in Paragraph 235, and, on that basis, denies the same.  The final sentence of Paragraph 235 is unduly vague, contains legal conclusions, and purports to characterize the National Register, which speaks for itself and is the best evidence of its content.  To the extent a response is required, Revolution Wind denies any allegations in Paragraph 235 that are inconsistent with the plain language of the National Register.

236.    Paragraph 236 contains Plaintiffs' characterization of historic property designations, which requires no response.  To the extent that a response is required, the designations speak for themselves and are the best evidence of their content.  Revolution Wind denies any allegations in Paragraph 236 that are inconsistent with the plain language of the designations.

237.    Paragraph 237 contains Plaintiffs' characterization of historic property designations, which requires no response.  To the extent that a response is required, the designations speak for themselves and are the best evidence of their content.  Revolution Wind

denies any allegations in Paragraph 237 that are inconsistent with the plain language of the designations.

238.    Paragraph 238 contains Plaintiffs' characterization of historic property designations, which requires no response. To the extent that a response is required, the designations speak for themselves and are the best evidence of their content. Revolution Wind denies any allegations in Paragraph 238 that are inconsistent with the plain language of the designations.

239.    Paragraph 239 contains Plaintiffs' characterization of historic property designations, which requires no response. To the extent that a response is required, the designations speak for themselves and are the best evidence of their content. Revolution Wind denies any allegations in Paragraph 239 that are inconsistent with the plain language of the designations.

240.    Paragraph 240 contains Plaintiffs' characterization of historic property designations, which requires no response. To the extent that a response is required, the designations speak for themselves and are the best evidence of their content. Revolution Wind denies any allegations in Paragraph 240 that are inconsistent with the plain language of the designations.

241.    Paragraph 241 purports to paraphrase statutes, which requires no response. To the extent that a response is required, the statutes speak for themselves and are the best evidence of their content. Revolution Wind denies any allegations in Paragraph 241 that are inconsistent with the plain language of the statutes.

242.    Paragraph 242 states legal conclusions, which require no response. To the extent that a response is required, Revolution Wind denies the allegations in Paragraph 242.

243.    Paragraph 243 states legal conclusions, which require no response.  To the extent that a response is required, Revolution Wind denies the allegations in Paragraph 243.

244.    Paragraph 244 states legal conclusions, which require no response.  To the extent that a response is required, Revolution Wind denies the allegations in Paragraph 244.

245.    Paragraph 245 states legal conclusions, which require no response.  To the extent that a response is required, Revolution Wind denies the allegations in Paragraph 245.

246.    Paragraph 246 states a legal conclusion, which requires no response.  To the extent that a response is required, Revolution Wind denies the allegations in Paragraph 246.

247.    Paragraph 247 purports to paraphrase and quote the Revolution Wind Project FEIS, which requires no response.  To the extent that a response is required, the FEIS speaks for itself and is the best evidence of its content.  Revolution Wind denies any allegations in Paragraph 247 that are inconsistent with the plain language of the FEIS.

248.    Paragraph 248 is denied.

249.    Paragraph 249 is denied.

250.    Paragraph 250 is denied.

251.    Paragraph 251 purports to paraphrase and quote a statute, which requires no response.  To the extent that a response is required, the statute speaks for itself and is the best evidence of its content.  Revolution Wind denies any allegations in Paragraph 251 that are inconsistent with the plain language of the statute.

252.    Paragraph 252 is denied.

253.    Paragraph 253 is denied.

254.    Paragraph 254 is denied.

255.    Paragraph 255 is denied.

## PRAYER FOR RELIEF

Revolution Wind denies that Plaintiffs are entitled to any relief.

## DEFENSES

Revolution Wind states that it will rely upon one or more of the following defenses. Revolution Wind asserts the following defenses without assuming any burden of proof of such defenses that would otherwise rest on Plaintiffs. Notwithstanding the enumeration of specific defenses set forth below, Revolution Wind reserves unto itself all of those defenses set forth in Rule 8(c) of the Federal Rules of Civil Procedure and such other defenses, affirmative and otherwise, as may prove to be applicable, and hereby reserves unto itself all of its rights associated with any such claim or potential claim. Revolution Wind reserves the right to amend this Answer if investigation and further information warrant such amendment, and further, to assert any applicable matters of law during the pendency of this action.

### First Defense

Plaintiffs lack standing to raise some or all of the claims in the SAC.

### Second Defense

Plaintiffs fail to state a claim upon which relief can be granted for some or all of the claims in the SAC.

### Third Defense

Plaintiffs' claims are barred in whole or in part by the doctrine of waiver.

### Fourth Defense

The relief sought by Plaintiffs is barred in whole or in part by the doctrine of laches.

### Fifth Defense

Plaintiffs' claims are barred in whole or in part under the doctrine of harmless error.

### Sixth Defense

Some or all of Plaintiffs' claims are not ripe for review.

### Seventh Defense

Plaintiffs' claims are barred in whole or in part under the doctrine of mootness.

### RESERVATION

Revolution Wind reserves the right to add defenses as may be developed during litigation.

\*        \*        \*

Revolution Wind respectfully requests that the Court enter judgment in favor of Defendants.

Dated:        July 29, 2025                    Respectfully submitted,

By */s/ Janice M. Schneider*

Janice M. Schneider (D.C. Bar No. 472037)
Stacey L. VanBelleghem (D.C. Bar No. 988144)
Devin M. O'Connor (D.C. Bar No. 1015632)
LATHAM & WATKINS LLP
555 11th Street NW, Suite 1000
Washington, D.C. 20004
Tel: (202) 637-2200
Fax: (202) 637-2201
Email: janice.schneider@lw.com
        stacey.vanbelleghem@lw.com
        devin.o'connor@lw.com

*Counsel for Defendant-Intervenor*
*Revolution Wind, LLC*