**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| GREEN OCEANS, *et al.*,<br><br>*Plaintiffs,*<br><br>v.<br><br>UNITED STATES DEPARTMENT OF THE INTERIOR, *et al.*,<br><br>*Defendants,*<br><br>and<br><br>REVOLUTION WIND, LLC,<br><br>*Defendant-Intervenor.* | Case No.: 1:24-cv-00141-RCL<br><br>Hon. Royce C. Lamberth |

**DEFENDANT-INTERVENOR REVOLUTION WIND, LLC'S UNOPPOSED MOTION TO AMEND THE BRIEFING SCHEDULE**

Defendant-Intervenor Revolution Wind, LLC ("Revolution Wind") moves to amend the summary judgment briefing schedule so it may respond to Federal Defendants' untimely cross-motion for summary judgment, change-in-position and request for remand, Dkt. 114. If the Court is inclined to grant Federal Defendants' pending request to extend its September 25, 2026 filing deadline, Dkt. 112,[1] and accepts Federal Defendants' October 9, 2026 cross-motion, then the Court should allow Revolution Wind to file a response to Federal Defendants' summary judgment motion by December 1, 2026, on the same timeline as Plaintiffs.

[1] As of the date of this Motion, Dkt. 112 is the operative scheduling order for cross-motions for summary judgment in this case. On September 23, 2026, Federal Defendants filed a motion to further extend their September 25, 2026 cross-motion deadline to October 9, 2026, and to adjust other deadlines accordingly. Dkt. 113. That scheduling motion remains pending, and Federal Defendants filed their cross-motion on October 9, 2026, without the Court's leave.

In their cross-motion, and in their continuing efforts to disrupt the now completed Revolution Wind Farm and Revolution Wind Export Cable Project ("Project"), Federal Defendants reverse their position on the Bureau of Ocean Energy Management's ("BOEM") approval of the Construction and Operations Plan ("COP") and seek remand of that approval. Federal Defendants made no attempt to meet and confer with Revolution Wind on that procedurally and substantively improper change of position and new request for relief, including when seeking Revolution Wind's position on an extension to file their summary judgment brief (Dkt. 113). If they had, Revolution Wind could have requested that the proposed schedule include a response deadline for Revolution Wind. And Federal Defendants' about-face comes more than three years after BOEM approved the COP, after the Project is fully constructed with an investment of approximately $6 billion by Revolution Wind, and after Federal Defendants vigorously defended against Plaintiffs' two motions for a stay or preliminary injunction in this lawsuit. Moreover, Federal Defendants filed their cross-motion after their currently operative deadline, without the Court's leave, and months after Revolution Wind's timely cross-motion on February 13, 2026.

Because Federal Defendants aligned with Plaintiffs' motion for summary judgment argument regarding the COP approval only after Revolution Wind already responded to Plaintiffs' motion, good cause exists for allowing Revolution Wind to file a response in opposition to Federal Defendants' cross-motion—specifically in response to its untimely change in position and request for remand of the COP approval—by December 1, 2026, the same deadline applicable to Plaintiffs under the proposed briefing schedule pending before the Court.[2] Neither Plaintiffs nor Federal

[2] Should the Court deny Federal Defendants' request to amend the briefing schedule, Dkt. 113, and strike Federal Defendants' summary judgment motion as untimely, this Motion to amend the

Defendants will suffer prejudice by allowing Revolution Wind to respond to Federal Defendants' cross-motion on the same schedule as Plaintiffs.[3]

Pursuant to Local Civil Rule 7(m), counsel for Revolution Wind contacted counsel for Plaintiffs and Federal Defendants to meet and confer regarding this Motion. Counsel for Federal Defendants stated that Federal Defendants take no position on Revolution Wind's requested amendment to the briefing schedule. Counsel for Plaintiffs[4] stated that Green Oceans Plaintiffs have no objection. A proposed order is attached, pursuant to Local Rule 7(c).

## I. BACKGROUND

The Revolution Wind Project is a 704-megawatt ("MW") offshore wind facility located approximately 15 miles from the Rhode Island coast. BOEM approved the Project's COP in November 2023,[5] and Revolution Wind has now completed the installation of all 65 wind turbine generators and other Project infrastructure. Revolution Wind started delivering power to the New England grid in March 2026, and is now generating up to the full contracted amount to Rhode Island and Connecticut, representing on average approximately 20 percent and five percent of each

---

briefing schedule would become moot. Revolution Wind reserves its right to seek other relief, as needed.

[3] Revolution Wind's response would be limited to addressing Federal Defendants' arguments regarding the COP—it would not address the other aspects of Federal Defendants' cross-motion that defend the challenged U.S. Army Corps of Engineers and National Marine Fisheries Service actions.

[4] The Court granted prior counsel for Plaintiffs leave to withdraw from the case and gave Plaintiffs until June 22, 2026 to identify substitute counsel. Dkt. No. 103. On July 9, 2026, current counsel for Plaintiffs entered an appearance in this case for specified Plaintiffs. To Revolution Wind's knowledge, the following Plaintiffs remain unrepresented: Save Right Whales Coalition, Ralph Craft, Karen Blanchard, Mary Cushing Coleman, Lisa Foley, and Panagakis Family Trust. Revolution Wind did not confer with those unrepresented Plaintiffs regarding this motion.

[5] *See* BOEM, *Revolution Wind: Construction and Operations Plan*, https://www.boem.gov/renewable-energy/state-activities/revolution-wind (last accessed October 26, 2026).

state's electricity demand, respectively. As the Court is aware, to date, Revolution Wind has invested approximately $6 billion in planning, developing, constructing, and operating the Project.

Plaintiffs filed this action in January 2024. Dkt. 1. Plaintiffs filed their First Amended Complaint in May 2024, and later filed a Second Amended Complaint in July 2025. Dkts. 33, 82. Plaintiffs twice moved for a stay or preliminary injunction to halt Project construction. Dkts. 26, 35. Federal Defendants opposed both motions, *see* Dkts. 28, 38, and the Court denied both motions, *see* Dkts. 32, 50. In answering Plaintiffs' First Amended Complaint on July 19, 2024, Federal Defendants denied Plaintiffs' claims, including categorically denying Plaintiffs' claim that the COP approval did not comply with the Outer Continental Shelf Lands Act ("OCSLA"). Dkt. 54 at ¶¶ 68, 71-160.

On July 11, 2025, the Court entered a scheduling order governing dispositive motions, initially setting a deadline of October 15, 2025 for Federal Defendants' and Revolution Wind's cross-motions for summary judgment. Dkt. 81. Plaintiffs filed their motion for summary judgment on September 2, 2025. Dkt. 87. Federal Defendants thereafter sought six separate extensions of the deadline to file their cross-motion on: September 19, 2025; December 8, 2025; February 3, 2026; April 20, 2026; August 3, 2026; and September 23, 2026. Dkts. 89, 91, 93, 101, 111, 113. Federal Defendants' most recent extension request remains pending. That motion for extension requests that the Court enter an order with the following briefing schedule: Federal Defendants' cross-motion and response due October 9, 2026; Plaintiffs' response and reply due December 1, 2026; Federal Defendants' reply due February 3, 2027; and Revolution Wind's reply due February 24, 2027. Dkt. 113.

Revolution Wind filed its cross-motion and opposition to Plaintiffs' motion for summary judgment on February 13, 2026, consistent with the then-existing briefing schedule approved by

the Court. Dkts. 94-95. Now, nearly eight months later, on October 9, 2026, Federal Defendants filed their cross-motion. Because Federal Defendants' latest extension request, Dkt. 113, remains pending, Federal Defendants filed their cross-motion 15 days late under the operative summary judgment scheduling order, Dkt. 112.

In their summary judgment motion, Federal Defendants abandoned their defense of the Project's COP approval, aligned with Plaintiffs on the OCSLA claims, declined to defend against Plaintiffs' National Environmental Policy Act ("NEPA") and National Historic Preservation Act ("NHPA") claims, and asked the Court to remand the COP approval to BOEM. Dkt. 114-1 at 12-15. Federal Defendants made no effort to meet and confer with Revolution Wind before aligning with Plaintiffs' OCSLA claims regarding the COP approval and seeking a new request for relief, contrary to Revolution Wind's interests.[6]

## II. ARGUMENT

### A. <u>Revolution Wind Has Demonstrated Good Cause for Leave to Amend the Briefing Schedule to Respond to the Federal Government's Untimely and Prejudicial Change of Position</u>

If the Court grants Federal Defendants' pending extension request and deems Federal Defendants' summary judgment motion timely, there is good cause to amend the briefing schedule to allow Revolution Wind to respond. Federal Defendants previously defended the COP approval in this action. They denied Plaintiffs' OCSLA claims regarding the COP approval, Dkt. 54 at ¶¶

---

[6] Although the duty to confer under Local Civil Rule 7(m) is limited to non-dispositive motions, Federal Defendants failed to disclose to the parties it was changing position and aligning with Plaintiffs on the claims regarding the COP when seeking the parties' position on the September 23, 2026 motion to extend the briefing schedule. Therefore, when Revolution Wind represented that it did not oppose Federal Defendants' motion for extension, it had not been informed of Federal Defendants' abandonment of its defense of Plaintiffs' claims regarding the COP approval. Had Revolution Wind been informed, Revolution Wind could have requested that a response deadline for Revolution Wind be included in the proposed schedule.

71-160, and they opposed both of Plaintiffs' motions for a stay or preliminary injunction seeking to halt Project construction, Dkts. 28, 38 at 7 (stating BOEM "conducted an extensive, multi-year environmental review . . . designed to ensure the soundness of the project and to comply with multiple federal statutes, including . . . the Outer Continental Shelf Lands Act ('OCSLA')").

Federal Defendants' reversal unquestionably prejudices Revolution Wind's interest in the Project because it comes more than three years after BOEM approved the COP, after the Project is fully constructed, providing power to New England and nearing full commercial operation, and after Revolution Wind has invested approximately $6 billion in reliance on the COP approval. And because Federal Defendants took this position in their cross-motion only after Revolution Wind had already responded to Plaintiffs' motion for summary judgment, *see* Dkt. 94, an amendment to the existing briefing schedule is necessary. Federal Defendants' improper, untimely, and prejudicial requested remand and reconsideration of the Project's COP approval threaten the Project and Revolution Wind's significant investments in it.

The Court could strike the Federal Defendants' cross-motion, including the supporting declaration of Michael D. Olsen, Dkt. 114-2, as untimely. However, if the Court accepts Federal Defendants' October 9 filing rather than striking it as untimely, Revolution Wind should be allowed to file a responsive brief to Federal Defendants' cross-motion on December 1, 2026.[7]

### B. <u>Allowing Revolution Wind to Respond on the Same Schedule as Plaintiffs Encourages Judicial Economy and Will Not Prejudice Any Party</u>

Briefing on the cross-motions for summary judgment remains ongoing into 2027. If the Court grants Federal Defendants' extension request and allows their summary judgment motion, no party will be prejudiced if Revolution Wind responds to Federal Defendants' cross-motion on

[7] In making this request, Revolution Wind does not waive any rights it has to respond to Plaintiffs' arguments.

the same proposed timeline for Plaintiffs, given that the schedule permits Federal Defendants a subsequent reply.

Allowing Revolution Wind to respond at the same time as Plaintiffs also promotes judicial efficiency. Doing so would not further extend the proposed schedule and would provide complete briefing on all issues, including the OCSLA claims on which the Federal Defendants have now changed their position.

## III. CONCLUSION

For these reasons, Revolution Wind respectfully requests that, if the Court grants Federal Defendants' extension request and proposed briefing schedule, Dkt. 113, it also enter an amended briefing schedule to allow Revolution Wind to file a response to Federal Defendants' cross-motion for summary judgment by December 1, 2026.

Dated: October 26, 2026

Respectfully submitted,

By */s/ Janice M. Schneider*

Janice M. Schneider (D.C. Bar No. 472037)
Stacey L. VanBelleghem (D.C. Bar No. 988144)
Devin M. O'Connor (D.C. Bar No. 1015632)
LATHAM & WATKINS LLP
555 11th Street NW, Suite 1000
Washington, D.C. 20004
Tel: (202) 637-2200
Fax: (202) 637-2201
Email: janice.schneider@lw.com
stacey.vanbelleghem@lw.com
devin.o'connor@lw.com

*Counsel for Defendant-Intervenor Revolution Wind, LLC*